FELL v. RAILROAD COMPANY.

Where a complaint alleges as the only negligent act of the defendant railroad company, a defective switch, whereby cars were permitted to roll down from a siding on to the main track, in collision with which plaintiff's intestate, a locomotive engineer of a moving train, was killed,

but there is no testimony to show a defective· switch or that the cars which were run into had escaped from the siding, a non-suit was proper, because there was an entire absence of evidence as to the only act of negligence alleged in the complaint as the ground of plaintiff's action.

Before NORTON, J., Kershaw, September, 1889.

This was an action by Mary E. Fell, as administratrix of W. D. Fell, deceased, against The Charleston, Cincinnati & Chicago Railroad Company, commenced in November, 1888. The opinion states the case.

*Messrs. Jas. F. Hart* and *P. H. Nelson,* for appellants.

*Messrs. Abney & Thomas* and *J. T. Hay,* contra.

June 26, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. W. D. Fell was killed while running a train as engineer on the railroad track of defendant. There was an issue made in the pleadings as to whether the said Fell was in the employment of the defendant, or of Taylor & Elmer, a firm engaged in laying the track of said road at the time of the accident. But this question, from the view which we take of the case, is not material and need not be further referred to.

The action below was brought by the plaintiff as administratrix of W. D. Fell, to recover damages under the .act in such case made and provided. A verdict was rendered for the plaintiff for $2,500. The defendant has appealed upon twenty-three exceptions. But we have not found it necessary to consider any of these except the first, which is that his honor erred in refusing a motion for a non-suit made by the defendant at the close of the plaintiff's testimony. This meets us at the threshold, and as, after a thorough examination, we have reached the conclusion that this motion should have been granted, the questions raised in the other exceptions are not properly before us, as the case should have ended, in our opinion, before they were reached below.

The accident occurred at a certain point on the track upon which certain cars had been left standing, or were found stand-

ing, on the morning of March 12, 1888, and with which the train under the control of the said Fell collided, causing an injury to him, from which he very soon thereafter died; and the negligence alleged in the complaint was as follows : "That said negligence and want of due and proper care consisted in this : the southern or lower end of the side track or siding, at or near the said point known as Gum Swamp, was defectively and improperly constructed, in that it had no guard or switch to obstruct and prevent cars left upon or in said siding from moving or escaping therefrom at its southern or lower end, to and upon the main track of defendant's road, or it had such a defective one, easily removed and not permanent and attached to the track, that it could not and did not obstruct and prevent said cars from leaving said siding as aforesaid; instead of which defendant should have built and constructed at said lower end of said siding a permanent, safe, and secure guard or switch to retain the cars within said siding when left there. And when the said cars, with which the said locomotive and train collided, were left the previous Saturday evening in and upon said siding, owing to there being no such guard as aforesaid, or such defective and imperfect one, and the improper and defective condition of said siding, the said cars escaped from and moved out of the aforesaid siding at its lower end or extremity, and had gone upon the main track of the defendant's road, and was at the time of said accident standing upon said main track, over which said locomotive and train were to pass, and the defendant negligently, carelessly, and by its default, permitted and allowed said cars to remain upon the main track from said previous Saturday evening without the knowledge of the said W. D. Fell, who had the right to suppose and did suppose they were in the siding, and as said train and locomotive were approaching said siding going from Camden, they collided with the said cars and caused the accident aforesaid." And further, "that the death of the said W. D. Fell was caused by the wrongful act, default, and negligence of the defendant in the manner above mentioned."

There were no other specifications of negligence in the complaint, except as contained in the above paragraphs, numbered in the complaint 4 and 5, and it was therefore to these specifications

that defendant was called upon to respond. They constituted the issues in the case. Now, to entitle the plaintiff to go to the jury, it was absolutely necessary that some testimony should be offered pertinent to these issues. It was necessary that some testimony should have been introduced tending to show that the switch in question was in a defective condition, so much so as to allow the cars on the siding to escape therefrom and to reach the main track; also that said cars did escape from said siding, and that this was the cause of the collision from which the injury resulted. These, as we have said, were the acts of negligence complained of, and no other, or rather the single act of negligence alleged against the defendant was the defective switch, on account of which it is alleged that the cars on the siding escaped to the main track and were there collided with, causing the death of Mr. Fell. Now, we have not only been unable to find testimony showing even *prima facie* the truth of these allegations, but there is, as it seems to us, an entire absence of all testimony as to said allegations. True, one witness did say that if several cars had been left upon the side track, possibly some of them might be pushed over the log which was fastened across the switch. But there was not a particle of evidence that said cars did pass over, and that the collision was with these cars thus pushed over.

We think this case is fully covered by the rule often laid down by this court in reference to non-suits, to wit, that where there is an entire absence of evidence as to all or any material fact or facts in the case necessary to be proved in order for the plaintiff to recover, a non-suit should be ordered. The material facts here were, 1st, a defective switch at the junction of the siding with the main track; 2nd, that certain cars from that siding escaped to the main track; and 3d, that the collision which caused the injury took place with these escaped cars. We say these were the material facts. because these were the facts, and the only facts, alleged in the complaint as the ground of the plaintiff's action. There was not only an entire absence as to these facts in the plaintiff's testimony, but it was apparent that the accident occurred in the collision with two cars which had been detached on Saturday night previous from a train which the deceased had

brought down from the head of the road on his way to Camden, and which had been left on the track during Sunday and until Monday morning, when he ran into them on his way back to said head of the road.    Whether this was negligence, and, if so, how far Fell himself contributed thereto, is not now involved.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that a non-suit should be ordered.