### JENKINS v. McCARTHY.

1. NONSUIT.—It was not error in Circuit Judge to grant nonsuit in this case upon ground that there was no proof of negligence.

2. EVIDENCE.—In this case there is an utter absence of testimony to show the lack of proper means, or the want of proper care, in driving the piles in question.

3. PLEADING.—A plaintiff who sets up negligence *solely* in the manner of driving piles, will be confined to such issue, and cannot introduce evidence that the piles were not sufficiently driven.

4. IBID.—EVIDENCE.—A party alleging a specific negligence cannot, after issue joined on that allegation, introduce evidence of *any kind* of negligence.

Before GARY, J., Beaufort, February, 1895. Affirmed.

Action by Nancy Jenkins, as administratrix of estate of Joseph Jenkins, against Justin McCarthy, for $7,000 damages, for causing death of Joseph Jenkins by carelessly and improperly driving piles, which fell upon him while at work in an excavation and instantly killed him. Circuit Judge granted nonsuit at close of plaintiff's testimony. From this order the plaintiff appeals.

*Mr. W. J. Verdier*, for appellant.

*Messrs. Thos. Talbird* and *Elliott & Elliott*, contra.

Oct. 1, 1895.    The opinion of the Court was delivered by
MR. JUSTICE POPE.    This action came on for trial before
his Honor, Judge Ernest Gary, and a jury, at the February
term, 1895, of the Court of Common Pleas for Beaufort
County, in this State..    It seems that one Joseph Jenkins,
while laboring for the defendant in making excavations
between piling, at or connected with the naval dry dock at
Paris Island, in the county of Beaufort, in 1894, was killed
by the falling in of two piles.    The plaintiff, as his widow,
secured letters of administration, and under the act of the
legislature of this State commenced an action against said
defendant for $7,000 damages, alleging that the cause of the
death of her intestate was the careless and improper driving
of some large piles.    To be accurate, we will reproduce the
third paragraph of the complaint, as this is the only allega-
tion of the complaint bearing on this particular point: "3.
That for the purpose of such excavation, the defendant had
driven around the space to be excavated a number of large
piles; that said piles were so carelessly and improperly
driven, and the defendant had so negligently conducted
himself in such behalf, that while said Joseph Jenkins was
so engaged in excavating as aforesaid, on the 7th day of
May, 1894, one of said piles fell into said excavation or
culvert, and struck and instantly killed the said Joseph
Jenkins."    This was the only contested point, and to this
the plaintiff directed her testimony.    When she closed
such testimony, defendant moved for a nonsuit.

The Circuit Judge, in granting the motion, said: "Now,
what is the charge of negligence?    It is in driving said
piles.    What is the proof as to how they were driven, whe-
ther carefully or not?    The witness testified that they were
driven with a steam hammer.    There is no proof before this
jury whether that is the proper way to drive them or not.
Therefore, I must assume, till negligence has been proven,
that they have been driven in the proper manner.    There
is no evidence how piles shall be driven or what is the pre-
scribed form of driving piles.    So far as that jury knows,

or as I know, if these piles were to be driven again, they would be driven just as they were driven. There is no proof of negligence, and for that reason there is no issue of negligence to submit to the jury, and I will grant the nonsuit."

After judgment was entered, the plaintiff appealed upon the following grounds:

1. Because the Circuit Judge erred in deciding there was no evidence of negligence on the part of the defendant.

2. Because it was testified to that the piles would not have fallen had they been driven deep enough, and it was negligence and carelessness not to drive them sufficiently deep.

3. Because the Circuit Judge erred in confining the question of defendant's negligence to the means used in driving the piles; for if said piles were not sufficiently driven to hold them fast while the space between them was being excavated, they were improperly driven, without reference to the means used.

4. Because there was evidence of negligence and carelessness on the part of the defendant, and it was error to grant the nonsuit.

The object of pleadings is to reach an issue, or issues, essential to plaintiff's cause of action, or the defendant's defense thereto. The burden is placed upon the plaintiff to establish his cause of action. Now, what was plaintiff's cause of action in this instance? That the life of her husband had been lost through the negligence of the defendant in the careless and improper driving of certain piles, by which Joseph Jenkins lost his life. This was denied by the defendant. She elected to go to trial upon this issue so squarely made. At the trial of this issue she offered no testimony as to the proper mode of driving piles generally, or of these piles in particular. The only testimony bearing upon the piles being driven was that it was done by a "big steam hammer," which would drive a pile "until they got enough; as long as they would go they would drive them;" and that "The United States' officers were down there watching that work all the time." So

with that issue squarely made, was there *any* testimony
offered at the trial which tended to establish that the de-
fendant was guilty of negligence in the careless and improper
driving of these piles?   The Circuit Judge, after plaintiff had
finished her testimony, found that there was no such testi-
mony.    After a careful review of the pleadings and the tes-
timony, we are not able to say that the Circuit Judge was in
error.    So, therefore, the first ground of appeal is overruled.

Next, as to the second ground of appeal.   We hold that the
plaintiff should have shown that the piles were carelessly
and improperly driven.   It is quite true that the in-
testate was unfortunately killed while employed by
the defendant in making the excavation between the
two rows of piles by the falling of one or more of such piles
upon him, and that one of the witnesses for plaintiff did
say: "Do you know how far these piles were in the ground?
A. No, sir, not exactly how deep they were in the ground.
Q. I mean from the level where you were excavating; how
much deeper were they in the ground than where you had
dug down?  A. No, sir, I could not tell you how deep they
were in the ground at all.   Q. Do you know what caused
them to fall?   A. Yes, sir, just from digging; that is what
I saw.   Q. How would the digging cause them to fall?  A.
In some places the pile goes deeper, and in some places the
hammer batters by the stroke and they stop it, and some
places they get hard underneath and cannot get them deep
enough.   Q. Were these piles among those that were deep
enough or not?  A. These were among those that were
deep enough.   Q. I don't want to know if they were scat-
tered among those that were deep enough, but I want to
know if those that fell were deep enough?   A. I could not
say that they went as deep as the rest.   Q. If they had gone
as deep as the rest, would they have fallen?  A. That is
just it, sir; they would not have fallen at all."   Yet when
this testimony is examined in the light fixed by the com-
plaint, it does not bear upon the issue joined, to wit: that
the defendant was guilty of negligence in not carefully and

properly driving the piles, which were intended to hedge about the excavation while the same was being made by the defendant and others employed by him for that purpose. There is an utter absence of testimony to the effect that the means used by the defendant were not consistent with all proper care in driving down the piles in question. This ground of appeal must be dismissed.

So far as the third ground of appeal is concerned, we see no error in the Circuit Judge when he held the plaintiff to the issue as tendered, to wit: negligence, in that the piles were not driven carefully and properly by the defendant. It is well known that accidents sometimes occur that human foresight cannot anticipate; while masters, as to their servants, should be held under the strict rules of law, providing all proper protection to them, still they are not to be held as insurers against all possible accidents that may imperil their servants. This ground of appeal is dismissed.

Lastly, in the fourth ground of appeal, it is alleged that there was some evidence of negligence and carelessness on the part of the defendant. We have before stated the issue joined by the parties litigant here. This exception complains of some evidence of some kind of negligence and carelessness on the part of the defendant. This goes far beyond the scope adopted by the plaintiff in her complaint. It would be hazardous to litigants when brought into Court to answer for a specified negligence, to open wide the door to .proof of *any kind* of negligence. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.