### GOODWIN v. CHARLESTON & WESTERN CAROLINA RY.

PLEADINGS—NEGLIGENCE.—Where a complaint contains allegations of specific acts of negligence, and also general acts of negligence, the general allegations should be regarded as explained and controlled by the specific acts of negligence averred, in the absence of some clear indication in the complaint that the general allegations were intended to cover other acts of negligence than those alleged.

Before PRINCE, J., Abbeville, March Term, 1906. Affirmed.

Action by Geo. Mr. Goodwin, administrator of Geo. H. Burton against Charleston and Western Carolina Railway. From judgment for defendant, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: 12 S. C., 1; 8 S. C., 194; 56 S. C., 241; 29 S. C., 258; 25 S. C., 53; 53 S. C., 208; 66 S. C., 404; 65 S. C., 222; 34 S. C., 452.

*Mr. S. J. Simpson* and *Wm. P. Greene,* contra. *Mr. Greene* cites: 14 Ency. P. & P., 337, 334-5; 46 Mich., 279; 59 L. R. A., 501, 221; 47 S. C., 30; 135 Me., 440.

April 18, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought by plaintiff as administrator to recover damages in the sum of ten thousand dollars for the killing of plaintiff's intestate, George H. Burton, by the negligent acts of defendant. From judgment for defendant, plaintiff appeals.

The "case" states as follows: "The testimony introduced on behalf of the plaintiff tended to show that the deceased, George H. Burton, had been to church the night he was killed and was on his road home, he was last seen about one hundred and fifty yards from the crossing, and a short while afterwards he was found dead on the track of the defendant company about thirty yards below the crossing about ten o'clock at night, with one foot cut off. There was also testimony on behalf of the plaintiff that the deceased was killed by a freight engine and that there was no signal given for the crossing, and that the train had no lights. The testimony showed that he was killed on Sunday night.

"Testimony for the defendant tended to show that the deceased, George H. Burton, was drunk the afternoon of the day he was killed about seven o'clock. The engineer testified that he was not moving his engine for any purpose except to go to the water tank to get water for it, it being customary to keep fire in engine from Saturday until

Monday, making water necessary. He testified that he rang the bell, blew the whistle, had the headlight burning, and in addition to that, he had a red fusee burning on the engine, he testified that he saw no one on the track and that he did not know that the engine had run over any one until he got to the tank when the matter was called to his attention, and that as he went back from the tank to the depot he stopped and saw the man lying near the track dead. He testified that it was 9:20 o'clock on Sunday, the 4th day of September, 1904. The defendant's flagman testified that he was on the engine going down to the tank to get water and that there was another engine just ahead of the engine on which he was riding and testified that he saw some one on the side of the track and called the matter to the attention of the engineer when they got to the water tank, and that as they went back to the depot they saw it was a dead man. The testimony for the defendant also showed that it was sixty yards from the crossing to where the deceased was found by the railroad track. The testimony of the defendant's witnesses also showed that there was something like blood or marrow on the upright piece of timber of the pilot of the engine."

The Court charged the jury that in order to find for the plintiff under the complaint they must be satisfied by the preponderance of the evidence that the deceased was struck at a crossing as a result of some act of negligence alleged.

Seven of appellant's nine exceptions are to the charge of the Circuit Court and two to the refusal of the motion for new trial, but they really raise only one question, whether under a proper construction of the complaint it states' any cause of action other than a negligent killing at a crossing, including negligence under the statute and at common law.

The allegations of the complaint material to this inquiry are:

"III. That on Sunday, the 4th day of September, 1904, the said George H. Burton, while crossing the track of the said defendant company on one of the public crossings in the

city of Greenwood at the hour of about nine o'clock at night, was carelessly, negligently and unlawfully killed by one of the locomotive engines and cars attached thereto of the defendant company. That the cause of the death of the said George H. Burton was the careless, negligent and unlawful conduct of said defendant company in running its freight engine and cars on Sunday night contrary to the statute law of this State and contrary to the ordinance of the city of Greenwood, and the said company was further negligent in that it was running its train and cars in the night time across the public crossing in the city of Greenwood, and failed to blow the whistle or ring the bell five hundred yards from said crossing until they had crossed said crossing, and by which negligent and unlawful conduct the said George H. Burton was then and there killed.

"IV. That the direct and proximate cause of the death of the said Geo. H. Burton was the careless, negligent and unlawful manner in which the said railroad was running its train of cars, said train running at night across a public crossing without any lights and without ringing the bell or blowing the whistle or giving any warning of its approach whatever, by which said unlawful act the said Geo. H. Burton while crossing the track of the said company at the regular crossing in the city of Greenwood was struck by an engine and cars of said defendant company with great force and violence, cutting off his legs and inflicting such injuries upon him that he then and there instantly died.

"VI. That the negligent and careless and unlawful running of said train caused the death of the said Geo. H. Burton to the damage of the said two children in the sum of ten thousand dollars."

Where a complaint is general in its allegations of negligence and the defendant does not move to have the allegations made definite and certain, the plaintiff may introduce under the general allegations any competent evidence to support the charge of negligence. *Spires* v. *R. R. Co.*, 47 S. C., 30, 24 S. E., 992; *Johnson* v. *R. R. Co.*, 53 S. C., 209, 31 S.

E., 212, but where the complaint alleges specific acts of negligence the plaintiff is restricted to proof of such acts of negligence. *Fell* v. *R. R. Co.,* 33 S. C., 198, 11 S. E., 691; *Jenkins* v. *McCarthy,* 45 S. C., 278, 22 S. E., 883; *Brown* v. *R. R. Co.,* 57 S. C.. 435, 35 S. E., 731. So when a complaint contains allegations of specific acts of negligence and also general allegations of negligence, the general allegations should be regarded as explained and controlled by the specific acts of negligence averred, in the absence of some clear indication in the complaint that the general allegations were intended to cover other acts of negligence than those alleged. This general subject is exhaustively discussed in a note to *King* v. *Oregon etc. R. R. Co.,* 59 L. R. A., 209.

We do not regard the allegations in the sixth paragraph of the complaint as being broader and more comprehensive than or distinct from the allegations in the third and fourth paragraphs quoted above. Hence the Court properly construed the complaint and instructed the jury in restricting the case to a collision at a public crossing.

The judgment of the Circuit Court is affirmed.