### 7144

#### SUTTON v. SOUTHERN RY.

1. NEGLIGENCE—PRESUMPTION—CARRIER—PASSENGER.—In an action against a railroad company and its employee for injuries to a passenger by reason of a joint tort, upon failure to introduce evidence tending to prove the act of negligence alleged against the employee, the action should be dismissed as to him, but retained against the carrier, if there be evidence to support those allegations charging injury to the passenger from some agency or instrumentality of the carrier upon proof of which negligence is presumed.

2. EVIDENCE—RES GESTAE.—Declarations of a passenger upon recovering consciousness, a minute or two after a collision, are admissible as part of the *res gestae.*

Before WILSON, J., York, November term, 1907. Modified.

Action by J. H. Sutton against Southern Railway Company and F. G. Whitlock. From judgment for plaintiff, defendant appeals.

*Messrs. Abney & Muller and J. E. McDonald,* for appellant. *Mr. McDonald* cites: *No proof showing liability:* 21 Ency., 457; 2 Cool on Torts, 1410-20; 59 L. R. A., 209; 33 S. C., 199; 45 S. C., 278; 57 S. C., 433; 76 S. C., 557; 34 S.

C., 452; 43 S. R., 378; 157 Fed., 547; 21 S. C., 466; 34 S. C., 450; 29 S. C., 318.

*Messrs. J. C. Wilborn and G. W. S. Hart,* contra. *Mr. Hart* cites: *All facts inferable from an allegation are included in it:* 62 S. C., 40; 70 S. C., 277. *Proof of a collision is proof of negligence:* 70 S. C., 277. *If allegations as to employee be stricken out a cause of action remains against carrier:* 15 Fed. R., 588; 69 S. C., 275; 65 S. C., 447; 22 Wall., 350; 13 Pet., 190.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff recovered judgment against the defendants for $1,350, as damages for personal injuries alleged to have been sustained by reason of a rear-end collision between two of defendant's trains at Pineville, N. C., on November 28, 1905, while plaintiff was a passenger on one of said trains.

The defendants made a motion to direct a verdict and a motion for new trial on the ground that there was no testimony to sustain the allegations of negligence set forth in the complaint, which motions were refused and these rulings are the main subject of exception. The complaint alleged that defendant Southern Railway Company was a common carrier of passengers operating a railroad from Columbia, S. C., to Charlotte, N. C.; that plaintiff was received in one of its trains as a passenger from Fort Mill, S. C., to Charlotte, N. C.; that F. G. Whitlock was agent of defendant railway company at Fort Mill, S. C. The allegations to which special attention is directed are in the fourth and fifth paragraphs as follows:

4. "That at the time aforesaid, to wit: on or about the 28th of November, 1905, the defendants herein negligently permitted one of the trains of the defendant railway company, following the train upon which plaintiff was being

transported as a passenger, as aforesaid, to collide with the train upon which plaintiff had taken passage and was being transported, the collision being a rear-end collision, and the negligence of F. G. Whitlock, the agent and servant of his codefendant, consisting in his failure to give notice to the following train that the train upon which the plaintiff was riding was ahead of it, upon the same track, preceding it in the direction of Charlotte, N. C., which negligence was also the negligence of the defendant railway company.

5. "That in the collision which occurred as hereinbefore set forth, a heavy lamp frame in the car upon and in which the plaintiff was riding, with a lamp in it, was forcibly wrenched by the shock from its fastening and fell upon and struck the plaintiff on the head rendering him unconscious; and in the jar incident to and produced by the collision, the plaintiff was thrown about in the car and was wounded and bruised. * * *"

Appellants contend that the only specific act of negligence alleged is the failure of Whitlock "to give notice to the following train that the train upon which the plaintiff was riding was ahead of it upon the same track," that no testimony was offered to prove that it was the duty of Whitlock to give such notice, that the general allegation of negligence was controlled by the specific act alleged, and that, therefore, plaintiff had failed to establish any case under the complaint.

The general rule upon which appellant relies is thus stated in *Goodwin* v. *Ry.,* 76 S. C., 557, 560, 57 S. E., 530:

"Where a complaint is general in its allegations of negligence and the defendant does not move to have the allegations made definite and certain the plaintiff may introduce under the general allegations any competent evidence to support the charge of negligence. *Spires* v. *R. R. Co.,* 47 S. C., 30, 24 S. E., 992; *Johnson v. R. R. Co.,* 53 S. C., 209, 31 S. E., 212, but where the complaint alleges spe-

cific acts of negligence, the plaintiff is restricted to proof of such acts of negligence. *Fell* v. *R. R. Co.,* 33 S. C., 198; 11 S. E., 691; *Jenkins* v. *McCarthy,* 45 S. C., 278, 22 S. E., 883; *Brown* v. *R. R. Co.,* 57 S. C., 435; 35 S. E., 731. So, when a complaint contains allegations of specific acts of negligence and also general allegations of negligence, the general allegations should be regarded as explained and controlled by the specific acts of negligence averred, in the absence of some clear indication in the complaint that the general allegations were intended to cover other acts of negligence than those alleged. This general subject is exhaustively discussed in a note to *King* v. *Oregon etc. R. R. Co.,* 59 L. R. A., 209."

Under this rule a verdict should have been directed or new trial granted as to defendant Whitlock. He was a mere agent of defendant company in charge of its depot at Fort Hill, S. C., and was not shown to have stood in any relation of duty to plaintiff. There was no testimony that it was his duty to give the notice alleged in the complaint, which was the only act of negligence alleged against him. Hence as against him there was no case.

But with respect to the defendant company a different relation appears. Under the allegations and testimony, the relation of carrier and passenger existed between them, from which sprang the duty of defendant company to exercise the highest degree of care to transport plaintiff with safety. According to the rule in this State, a presumption of negligence arises against the carrier on proof that a passenger on its train was injured as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier or some defect in the instrumentalities of transportation. *Steele* v. *R. R. Co.,* 55 S. C., 389, 33 S. E., 509; *Jarrell* v. *R. R. Co.,* 58 S. C., 494, 36 S. E., 910; *Doolittle* v. *R. R. Co.,* 62 S. C., 139, 40 S. E., 133; *Stembridge* v. *R. R. Co.,* 65 S. C., 447, 43 S. E.,

968; *Hunter* v. *R. R. Co.*, 72 S. C., 340, 51 S. E., 860; *Anderson* v. *R. R. Co.*, 77 S. C., 436, 58 S. E., 149.

Having made out a *prima facie* case upon proof of facts alleged in the complaint, plaintiff could rest upon such case and could not be defeated merely because he failed to prove other allegations in the complaint not essential to his cause of action against the defendant carrier. Hence, in the application of the general rule stated in *Goodwin* v. *Ry.*, 76 S. C., 560, 57 S. E., 530, the material distinction must be observed between a suit by a passenger against a carrier, where the presumption mentioned applies, and a suit by some other person not a passenger, as employee, trespasser, or licensee, in which the presumption of negligence does not necessarily arise upon mere proof of injury by some agency or instrumentality of the carrier. The cases cited by appellant to sustain his contention were not cases by a passenger against a carrier, but were cases in which it was essential to recovery to show the specific act of negligence alleged.

The sixth exception complains of error in instructing the jury as follows: "If a man is injured on one of the railroad trains, being their passenger, and the railroad doesn't exercise the highest degree of care, he is entitled to compensation for that injury." It is contended this instruction made a common carrier an insurer and eliminated the questions of proximate cause and contributory negligence.

Contributory negligence not having been pleaded is not involved in the case. The instruction given to the jury, construed as a whole, made it clear that defendants were to be held liable only for injury proximately caused by their negligence as alleged.

The foregoing conclusions dispose of the first exception as to the admissibility of testimony.

The remaining exception as to the admissibility of testimony cannot be sustained. The declaration of plaintiff as to his condition just after his restoration

to consciousness, a minute or two after the collision, was properly admitted as falling within the rule of *res gestae*.

The judgment of the Circuit Court as to the defendant Southern Railway Company is affirmed, but as to defendant Whitlock it is reversed.