### 11207

### HARVEY, ADMR. v. SO. RY.—CAROLINA DIV. *ET AL.*

#### (117 S. E., 411)

RAILROADS—EVIDENCE AS TO CONDITION OF CROSSING ADMISSIBLE ON ISSUE OF CONTRIBUTORY NEGLIGENCE.—In an action for the death of an occupant of a buggy, caused by the mule which she was driving becoming frightened at defendant's train crossing a highway, evidence as to defendant's failure to keep in repair the approach to the crossing and the dangerous condition of the crossing *held* admissible, in response to the defense of contributory negligence, though not responsive to the allegations of the complaint.

Before C. J. RAMAGE, Special Judge, Barnwell, June, 1922. Affirmed.

Action by W. L. Harvey as Administrator of the Estate of Mrs. Daisy Harvey, Dec'd, against Southern Railway, Carolina Division and Jesse Jennings. Judgment for plaintiff and defendants appeal.

*Messrs. Harley & Blatt,* for appellants, cite: *Allegations and proof did not correspond:* 90 S. C., 480; 21 R. C. L., 604; 10 S. E., 579; 93 S. E., 995; 76 S. C., 557; 33 S. C., 198. *Proof restricted to special acts of negligence alleged:* 64 S. E., 401; 53 S. C., 303; 59 L. R. A., 209; 57 S. C., 433; 45 S. E., 278. *Railway not required to keep up public road:* 76 S. C., 554.

*Messrs. J. O. Patterson, Jr.,* and *James A. Kennedy,* for respondent, cite: *Relevancy of testimony within discretion of Court:* 98 S. C., 121; 60 S. C., 70; 65 S. C., 26; 90 S.

C., 425. *Not prejudicial where similar evidence has been introduced without objection:* 91 S. C., 537; 95 S. C., 9. *After stating facts witness may give his opinion:* 92 S. C., 304; 95 S. C., 9; 59 S. C., 311; 82 S. C., 75; 86 S. C., 392. *Railway responsible for condition of highway crossing:* 108 S. C., 257; 31 S. C., 393.

May 1, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff's intestate was driving along a public road that ran along the right of way of the appellant. The railroad tract came out of a cut onto an embankment. The public road crossed the railroad track just where the railroad track came out of the cut onto the embankment. The testimony tended to show that, when the mule which the deceased was driving came upon the railroad track, it saw the approaching train and whirled around, and threw the deceased out of her buggy and injured her so seriously that she died.

The appellant's argument states as follows:

"This is an action on behalf of W. L. Harvey, administrator of the estate of Daisy Harvey, deceased, for $200,000. The case was tried during the June term, 1922, and resulted in a verdict in favor of the plaintiff for $6,500.

"The complaint shows upon its face that the only allegation of negligence therein was the defendant's failure to give the statutory signals, which was the direct and proximate cause of plaintiff's intestate's death. There was a motion made at the conclusion of all the testimony for a direction of a verdict, and this motion was refused. However, we are not making an exception as to the Court's refusal to grant the motion."

ARGUMENT

"The four exceptions shown in the printed case raise but two issues: First, that the Court erred in allowing witnesses to testify to facts not responsive to the allegations of

the complaint, and, second, that the Court erred in allowing witnesses to testify as to the condition of the road running parallel to the track and near or on the right of way of the defendant.  We beg to call to the Court's attention paragraph 13 of the plaintiff's complaint, which is as follows:

" 'That the injuries of plaintiff's intestate, and which resulted in her death, were caused and occasioned by the careless, negligent, willful, and wanton conduct of the said defendants in maintaining its said roadbed and tracks upon said embankment and in said cut, together with the shrubbery allowed to grow alongside of said tracks, which cut off plaintiff intestate's view from the approach of said train, and in the said defendants, its agents, servants, ana employees running said train at a rapid rate of speed through said cut and over the public road which said railroad crossed, and in not sounding the whistle or ringing the bell, or making known the approach of said train to plaintiff's intestate while traveling said public road.'

"The complaint specifically charges the defendant in maintaining its roadbed and tracks upon said embankment, together with shrubbery allowed to grow alongside said track, which cut off plaintiff's intestate's view from the approach of said train, the failure of the defendant to give the statutory signals and running its train at a rapid rate of speed.

"We were not charged in any portion of the complaint with negligence for the failure to keep in repair the approach to the crossing.  We were not charged with maintaining a dangerous crossing.  We were not charged with allowing to remain alongside the track for a distance of at least 200 yards a dangerous road leading up to the crossing in question. We did not know at the time the case was tried that we would have to meet these issues, for the reason that there were no such charges in the complaint."

1. While the testimony may not have been responsive to the allegations of the complaint, it was responsive to the appellant's defense of contributory negligence and contribu-

tory wilfulness.   His Honor charged the jury that the railroad was not responsible for the public road.   While this is true, the surrounding conditions might negative contributory negligence.

2. The same thing is true as to the evidence as to a dangerous crossing.   It was responsive to the question of contributory negligence and contributory willfulness.   The witnesses first stated the facts and then gave their opinions. This is allowed under the rule.

The exceptions are overruled, and the judgment affirmed.

Mr. Chief Justice Gary, and Mr. Justice Watts concur.

Mr. Justice Cothran, (dissenting) :   There is not a suggestion in the complaint that the plaintiff proposed to rely upon the lack of care on the part of the railroad company in maintaining the approaches to the crossing.   As is held in the case of *Hill v. R. Co.*:   "Where a railroad is constructed across an established highway, it is responsible for the safety of the approaches"; and, if the allegations of the complaint had made out a case of this character against the railroad, evidence in support of it and the charge of the Court appropriate thereto would have been entirely proper; but the defendant is entitled to stand upon the case as made by the complaint.   *Hardaway v. R. Co.*, 90 S. C., 480; 73 S. E., 1020; Ann. Cas., 1913D, 266; 21 R. C. L., 604. *Goodwin v. R. Co.*, 76 S. C., 557; 57 S. E., 530.   *Fell v. R. Co.*, 33 S. C., 198; 11 S. E., 691.   *Sutton v. R. Co.*, 82 S. C., 345; 64 S. E., 401.   *Johnson v. R. Co.*, 53 S. C., 303; 31 S. E., 212; 69 Am. St. Rep., 849.   *Brown v. R. Co.*, 57 S. C., 433; 35 S. E., 731.   *Jenkins v. McCarthy*, 45 S. C., 278; 22 S. E., 883.

It is very true that, in answer to the defense of contributory negligence, the plaintiff had the right to introduce evidence showing the character of the crossing and its approaches, all the surrounding circumstances bearing upon the degree of care required of the traveler and the excuse of

justification for his not exercising that degree of care to be expected under different conditions; and, if the rulings of his Honor, the presiding Judge, had limited the evidence to that purpose there would have been no error. It is clear, however, from his rulings upon the admission of evidence, from the request to charge of the plaintiff and from the charge, that the jury was permitted to predicate a charge of negligence on the part of the railroad company upon such evidence. It is evident that this was the sole purpose of offering the evidence.

In the first place, witnesses were allowed to testify that the approaches were "dangerous," a relative term, not indicating their condition, justifying the traveler as to the exercise of certain care, but directed immediately towards the duty of the company, and its responsibility for that condition.

· Again, the evidence was confined by the Circuit Judge to the condition of the approaches, excluding evidence of the condition of the parallel roads. The latter was as admissible as the former, so far as contributory negligence was concerned. The ruling indicates that such issue was not considered.

Again, in the fourteenth request to charge, submitted by the plaintiff, which was allowed, occurs this statement:

"If a railroad establishes its roadbed and railroad track over and across an established highway, road, street, traveled place, or road used by the public, then it is required to construct suitable and convenient approaches and maintain the same at the expense of the railroad. * * * If the railroad failed to construct suitable and convenient approaches when it constructed its roadbed and railroad track over said highway * * * the railroad would be liable for any damage or injury caused to any person traveling the road by reason of its failure, if you find that it failed, to construct suitable and convenient approaches and maintain the same for the use of the public."

It will hardly be contended that this indicated a purpose to

confine the matter of defective approaches to the defense of contributory negligence. It is impossible to affirm upon the theory of negligence on the part of the railroad company; or that it did not affect the jury in connection with other acts of negligence which were alleged and relied upon.

I think, therefore, that the judgment should be reversed, and a new trial ordered.

Mr. Chief Justice Marion concurs.