### 11886

### HARVEY v. SOUTHERN RY. CO. ET AL.

#### (130 S. E., 884)

APPEAL AND ERROR—ORDER GRANTING NEW TRIAL, BASED ON CONSIDERATION OF EVIDENCE AND CONCLUSION INCONSISTENT WITH VERDICT, IS NOT APPEALABLE.—Order of Circuit Judge, granting new trial, based on consideration of evidence and conclusion therefrom inconsistent with verdict, is not appealable.

Before FEATHERSTONE, J., Barnwell, October, 1923. Appeal dismissed and case remanded for new trial.

Action by W. L. Harvey, Administrator, against the Southern Railway Company and another. Verdict for plaintiff, and from an order granting a new trial, plaintiff appeals.

*Messrs. J. O. Patterson, Jr.,* and *Jas. A. Kennedy,* for appellant, cite: *Evidence sufficient to sustain award of punitive damages:* 122 S. C., 361; 115 S. C., 115; 108 S. C., 393; 107 S. C., 502. *Presumption where train gave a statutory signal:* 115 S. C., 115; 47 S. C., 375. *Finding of willfulness presumed from form of verdict:* 106 S. C., 123. *Order granting new trial appealable:* 107 S. C., 502. *When Circuit Judge may grant new trial:* Code Civ. Proc. 1922, Sec. 545, Subdivision 4; 121 S. C., 237. .

*Messrs. Harley & Blatt* and *Frank G. Tompkins,* for respondents, cite: *Granting new trial discretionary:* 100 S. C., 281. *Case distinguished:* 107 S. C., 501.

December 18, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The plaintiff, having recovered a verdict of $6,500.00 for damages on account of the alleged wrongful death of his intestate, Mrs. Daisy Harvey (she having been thrown from a buggy, when the mule attached to it became frightened by a train of the defendant near a highway crossing in Barnwell County), the judgment entered upon said verdict having been affirmed by this Court (124 S. C., 375; 117 S. E., 411), brings the present action for damages under what is known as the "Survival Statute" for pain and suffering of his intestate.

The case was tried before his Honor, Circuit Judge Featherstone, and a jury. The verdict was for $3,000.00 actual damages and $1,000.00 punitive damages. The defendants moved for a new trial, and the Circuit Judge passed an order granting a new trial *nisi,* requiring the plaintiff to

remit so much of the verdict as was for $1,000.00 punitive damages or submit to a new trial, upon the ground: "I am convinced that this is not a case where punitive damages should be allowed."

The plaintiff declined to remit, and now appeals from the order of new trial upon the ground that there was abundant evidence tending to support the verdict for punitive damages. It is conceded that there was also abundant evidence tending to relieve the defendants from the imposition of punitive damages. The order of the Circuit Judge was plainly based upon a consideration of the evidence and a conclusion therefrom inconsistent with the verdict. The case, therefore, falls within the rule that, under these circumstances, the order is not appealable. *Snipes v. Davis,* 131 S. C., 298; 127 S. E., 447. *Ingram v. Hines,* 126 S. C., 509; 120 S. E., 493.

Appeal dismissed. Case remanded to Circuit Court for the new trial ordered.

Messrs. Justices Watts and Marion, and Mr. Acting Associate Justice R. O. Purdy concur.

Mr. Chief Justice Gary did not participate.