11922

MILHOUSE, ADMIX., v. STROUD

(181 S. E., 619)

AUTOMOBILES—TESTIMONY OF INTOXICATED CONDITION OF DRIVER ADMISSIBLE, THOUGH NOT PLEADED.—In action for death of one struck

NOTE.—Intoxication as evidence of negligence, see note in 40 L. R. A., 143.

by automobile, testimony relative to intoxicated condition of driver *held* admissible, though intoxication was not specifically alleged.

Before MAULDIN, J., Charleston, October, 1924.   Affirmed.

Action by Mary Milhouse, administratrix, against A. L. Stroud.   From a judgment for plaintiff, defendant appeals.

*Messrs. Joseph Fromberg* and *Lionel K. Legge,* for appellant, cite: *Proof of negligence under general and specific allegations limited to proof of specific allegations:* 89 S. C., 378; 82 S. C., 345; 64 S. E., 401; 76 S. C., 557; 57 S. E., 530; 45 S. C., 278; 22 S. E., 883.

*Messrs. Logan & Grace* and *Harry Simonhoff,* for respondent, cite: *Exception not made at trial not heard on appeal:* 92 S. C., 170. *Not reversible error to admit evidence on point already testified to without objection:* 95 S. C., 9; 93 S. C., 168. *Intoxication is purely evidentiary matter:* 86 S. C., 102; 72 S. C., 172.

February 12, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE PURDY.

We adopt the concise statement made by the appellant's attorneys in their argument:

"This was an action under Lord Campbell's Act for the death of the plaintiff's intestate, who was struck by an automobile driven by the defendant, and thereby sustained injuries from which he died.   The complaint alleged the following acts of negligence on the part of the defendant:

"(a) In driving and operating his automobile at a high, excessive, and dangerous rate of speed, and a speed in violation of that allowed by law.

"(b) In failing and omitting to keep a sharp lookout as to where he was going.

"(c) In failing and omitting to have his automobile under such control so as to have avoided running into and upon the plaintiff.

"(d) In failing and omitting to sound a horn or give any notice of his approach.

"The defendant pleaded a general denial and contributory negligence.

"At the trial of the case, the presiding Judge, over the objection of the defendant, permitted three witnesses to testify to the point that the defendant was under the influence of liquor when the accident occurred.

"The jury found for the plaintiff, and the defendant appealed on three exceptions, all alleging error on the part of the trial Judge in allowing the testimony above referred to."

There are three exceptions, which raise a single question of law, viz.: ·

"Was there error on the part of the trial Judge in permitting the plaintiff to introduce testimony over the objection of the defendant, to the effect that the defendant was under the influence of liquor at the time of the accident" (injury).

The appellant's attorneys contend that permitting testimony tending to prove that the defendant was intoxicated is beyond the specific allegations of the breaches of duty charged, and that the defendant was greatly prejudiced by permitting such testimony to be introduced without being notified by the pleadings that testimony on this point would be offered, claiming that the defendant should have been notified of such charge so that he could have had witnesses to meet it, and that he was greatly prejudiced by the admission of such testimony at the trial.

While it is true that general allegations of negligence are controlled by specific allegations, and at the trial the litigant · will be restricted to the proof of specific acts (*Goodwin v. C. & W. C. Ry.*, 57 S. E., 530; 76 S. C., 557. *Jenkins v. McCarthy*, 22 S. E., 883; 45 S. C., 278. *Sutton v. Southern Ry. Co.*, 64 S. E., 401; 82 S. C., 345. *McKain v. Camden Water, etc., Co.*, 71 S. E., 949; 89 S. C., 378), in a case of this kind proof in reference to the condition of

the defendant is admissible. There was not only an allegation of negligence, but of recklessness as well.

Passing from the point raised by the respondent to the effect that the testimony was introduced without objection, and that objection to it cannot now be raised, the authorities cited by the respondent fully show that there was no error on the part of his Honor in admitting the testimony as to the intoxicated condition of the defendant.

In *Sharpton v. Railway,* 51 S. E., 556; 72 S. C., p. 172, the Court said:.

"But, even if contributory negligence had not been set up as a defense, evidence of intoxication would have been admissible. * * * One laboring under intoxication is not likely to exercise the same degree of care as an ordinary person, and, therefore, the fact of intoxication should be considered by the jury in determining the question of the plaintiff's negligence. 40 L. R. A., 143 (note). Furthermore, the testimony was competent as tending to impair the credibility of the witness, for the reason that persons suffering from intoxication cannot reasonably be expected to give as accurate a statement of the surroundings as those whose intellects are free from such influence."

In the case of *Shelton v. Railway,* 67 S. E., 901; 86 S. C., 102, this Court said:

"Testimony that some of the train crew were under the influence of liquor was competent and relevant as tending to support the allegations of negligence and recklessness, without any allegation to that effect in the complaint. The pleadings should not be incumbered with matter which is purely evidentiary."

These rulings are in accord with common sense and justice. The proof tended to show that the deceased was riding a bicycle, keeping to the right side of the street, when the defendant, in an intoxicated condition, driving an automobile, ran over and killed him.

The judgment is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN and MESSRS. ACTING ASSOCIATE JUSTICES J. H. MARION and C. J. RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.