Barney Kokoshkey, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

## Gen. No. 15,689.

1. EVIDENCE—*what not competent by way of impeachment, etc.* It is not competent to show that a witness before testifying had threatened to testify against a party unless certain money was given where such witness on cross-examination was not interrogated with respect to such threat; neither is proof of such threat competent as independent evidence unless the authority of such witness to represent the defendant is shown.

2. INSTRUCTIONS—*what proper to be given.* A defendant in a cause is entitled to have the jury instructed as to its theory of the case.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

H. M. PIERCE, for plaintiff in error.

JOHN E. KEHOE and WATSON J. FERRY, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Barney Kokoshkey, plaintiff in error, brought an action on the case in the Superior Court of Cook county to recover damages for personal injuries received by him, as a result of being thrown from a north bound Clark street trolley car, while attempting to board it, for the purpose of becoming a passenger thereon, by the alleged negligence of the street car company. A jury trial resulted in a verdict and judgment in favor of the defendant, and plaintiff brings the cause here on a writ of error.

The declaration consists of one count, in which it is alleged that the Chicago City Railway Company owned a street railway extending north and south on South Clark street in Chicago, upon which it owned and operated as a common carrier certain street cars for the conveyance of passengers for hire, and that, when being operated northward, said cars were accustomed to stop on South Clark street at the north side of Harrison street; that plaintiff, being upon South Clark street at the north side of Harrison street, desired to become a passenger for hire upon a car which had stopped at that place for the purpose of receiving and discharging passengers; that when said car was standing there, and while exercising ordinary care and caution, he attempted to board it, but when stepping upon it, the car was negligently started forward without warning to him, whereby he was thrown from the car and injured.

Plaintiff in error, in his brief urges this court to reverse the action of the court below, and discusses the following alleged errors on its part: (1) That one of the jurors sitting in the case was disqualified; (2) that the court erroneously refused to allow the wife of plaintiff to testify; (3) that the court erroneously gave the sixth instruction asked for by the defendant, and (4) that the verdict is against the weight of the evidence.

Counsel for plaintiff, evidently through inadvertence, has not preserved for consideration of this court the question as

to the disqualification of the juror complained of, no error having been assigned with respect to the matter.

The wife of the plaintiff was called, and objection made to her competency under the statute. This objection the court sustained, whereupon counsel for plaintiff stated that he desired to show that a Mrs. Shulberg, called as a witness for defendant, came to the wife of plaintiff, and said that, if plaintiff did not give her $500, she would testify against him. We think the ruling of the court was proper, as there was no evidence in the case which rendered the testimony competent as that of an agent, and her proposed testimony was upon a collateral matter, Mrs. Shulberg not having been asked upon cross-examination concerning the matter.

The sixth instruction given for defendant, and of which complaint is made, is as follows:

"The jury are instructed that if they find from the evidence that the plaintiff attempted to board the car in question while it was in motion, then he cannot recover in this case and your verdict should be not guilty."

Inasmuch as the declaration charged negligence against defendant only in that, after the car had stopped and while it was standing still, and while plaintiff was actually boarding it, it was without warning suddenly and violently started; whereas the testimony on behalf of the defendant was to the effect that the car did not at all stop on the north side of Harrison street, the instruction was permissible, because the plaintiff could only recover by proving the specific act of negligence declared upon, and the defendant was entitled to have given an instruction which presented its theory of the case, there being evidence to support it.

That plaintiff was injured at the time and place alleged in the declaration is not disputed. The real controversy between the parties arose out of the manner in which the accident occurred, plaintiff contending that the car in question had stopped and was standing at the north side of Harrison street when he was boarding it, while the defendant con-

tended that the car did not stop at all after leaving the south side of Harrison street, until after the accident had occurred, and that it was actually in motion at the time plaintiff attempted to board it. Upon this question the testimony was sharply conflicting. The witnesses for the plaintiff consisted of himself and Mrs. Case, Frank Berinski and Daniel Reavey. The testimony of the plaintiff was contradictory and somewhat unsatisfactory, and throughout his examination at the trial he does not seem to have had a very clear recollection of what actually did take place at the time of the accident. Mrs. Case was a passenger sitting in the center of the car in question; Berinsky was standing on the southeast corner of South Clark and Harrison streets, and, therefore, on the further side of the crossing; while Reavey did not see the accident at all. It is apparent that neither Mrs. Case nor Berinsky was favorably situated for seeing exactly what did take place at the time of the accident, which occurred after 8 o'clock in the evening.

On the other hand, the motorman, James K. Peterson, and three passengers, Anna Kagel, Wm. McElligott and F. J. Daley, witnesses for defendant, who testified concerning the actual accident, were all standing on the front platform of the car at the time it occurred, and another witness for defendant, Louis Doerner, was standing on the curb on South Clark street at the north side of Harrison street just alongside of the car at the time of the accident. All these witnesses testified that the car did not stop at all after leaving the south side of Harrison street, until after the accident, and that it was actually in motion when plaintiff attempted to get on.

In addition, the defendant proved by one Dr. Charles A. DeLong, an interne in the Chicago Emergency Hospital, where plaintiff was taken immediately after the accident, that he talked with plaintiff within three days after the accident, and was told by plaintiff that "he signalled the car to stop and it did not come to a stop; he tried to board it, and in doing so he fell and his foot had got under." Plaintiff, at the trial, denied having used this language, so that the jury

had before it the direct contradiction between plaintiff and a disinterested witness, whose testimony really confirmed that of the several other witnesses for the defendant, who clearly were in a much better position to see what was taking place than were the witnesses for the plaintiff.

Considering the evidence as a whole, and after a careful examination, we have reached the conclusion that upon the evidence before it the jury reached a correct verdict. The evidence in the case was sharply conflicting. The jury had before it the several witnesses, and were in a far better position to judge of their credibility and of the proper weight to be given their testimony than we can be.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*