# Susie Hickey Johnson, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,918.

1. INSTRUCTIONS—*when limitation as to theory of recovery proper*. If the plaintiff relied upon a single ground of recovery in his declaration, notwithstanding the evidence may show other grounds of recovery, the court should by instruction limit the right of recovery to the single ground relied upon.

2. INSTRUCTIONS—*when modification as to exercise of ordinary care erroneous*.    To modify an instruction upon this subject so as to require the exercise of ordinary care with respect to a state of facts not alleged in the declaration is to render it both meaningless and erroneous.

3. INSTRUCTIONS—*when refusal as to burden of proof erroneous*. It is error to refuse instructions which give the law to the jury as to the burden of proof and the preponderance of evidence upon the material issues in the case submitted to them if the subject-matter of such instructions be not covered by other instructions given.

4. INSTRUCTIONS—*when refusal as to preponderance of evidence erroneous*.    If an instruction is refused which tells the jury that the number of witnesses is to be considered in determining where the preponderance lies, error is committed if no other instruction covers the same subject, and if in the case in question the number of witnesses testifying to a particular issue is greater upon one side than upon the other.

Action in case for personal injuries.    Appeal from the Circuit Court of Cook county; the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909.    Reversed and remanded.    Opinion filed November 14, 1911.

WILLIAM ROTHMANN and C. LEROY BROWN, for appellant.

GEORGE E. GORMAN, for appellee; FRANK LUMMERS, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court. Appellee, Susie Hickey Johnson, sued appellant, Chi-

cago City Railway Company, for damages on account of personal injuries alleged to have been sustained by falling from the rear platform of a street car.

The declaration contained one count. It alleged that plaintiff was a passenger on a west bound street car of defendant on 35th street, Chicago, and that she requested the conductor to stop the car at Hermitage avenue; that the car stopped at that street in response to the plaintiff's request, and while the plaintiff, with all due care, was in the act of stepping from the car, the defendant negligently and improperly caused the car to start in motion, whereby the plaintiff was caused to fall from the car to the ground.

Evidence was given on behalf of the plaintiff tending to support the averments of the declaration.

The defendant's testimony tended to show that while the car was running between Paulina street and Hermitage avenue the plaintiff went out on the rear platform and indicated to the conductor, who was inside the car, that she desired to alight at Hermitage avenue. The car duly stopped at Hermitage, but before it came to a stop, and when it was about ten feet east of the place where it stopped at the west side of Hermitage, plaintiff fell or was thrown from the car.

Appellant urges that the verdict was the result of flagrant errors in instructions, and in the admission of improper evidence.

Appellant requested, but the court refused to give, the following instruction:

"No. 26. The only negligence which the plaintiff in her declaration charges against the defendant is that while the car was standing still, and while the plaintiff was in the act of alighting therefrom, the defendant caused said car to start in motion, thereby causing the plaintiff to fall. These facts must therefore be proven, by the preponderance of the evidence, and unless they have been so proven, the plaintiff cannot recover, even

if you should believe, from the evidence, that defendant's servants were negligent in some other respect.

If, therefore, you believe from the evidence that the car did not stop until after the plaintiff fell, you should find the defendant not guilty.''

The negligence alleged was that appellant negligently caused a standing car to start in motion while the plaintiff was in the act of alighting therefrom. The version and theory of the appellant was that plaintiff stepped from the car before it came to a stop. Plaintiff could recover only on the theory of her declaration, even though the car might have been negligently managed in some other respect. Hence the appellant was entitled to have the jury instructed that if they believed from the evidence the injury was not sustained in the manner alleged, the verdict should be not guilty. This was clearly stated in the instruction refused by the Court. Counsel for appellee contends, on various grounds, that this instruction should not have ,been given. We do not agree with these contentions. The instruction was correct and should have been given. Chicago City Ry. Co. v. Gates, 135 Ill App. 180; Ebsery v. C. C. Ry. Co., 164 Ill. 518; Kaukusch v. C. C. Ry. Co., 153 Ill. App. 454; Kokoshkey v. C. C. Ry. Co., 162 Ill. App. 613.

Appellant requested the following instruction and the court gave it after modifying it by inserting the words shown in italics:

''No. 12. If you believe from the evidence, that the plaintiff attempted to alight from the car in question before it came to a stop, and that it did not come to a stop until after she had fallen to the ground, and that her fall and injury were due to that fact, *and that in so doing she failed to exercise due and ordinary care for her own safety* then the jury are instructed that the plaintiff cannot recover in this case and your verdict should be not guilty.''

The instruction was proper as requested. The modification was erroneous in that it required the jury to find that the plaintiff failed to exercise due and ordinary care for her own safety with reference to a state of facts not alleged in her declaration, and thereby made the instruction meaningless as applied to the facts of this case.

The trial court refused the following instructions requested by appellant:

"No. 28. The jury are instructed that the plaintiff cannot recover at all in this case against the defendant unless you believe that the plaintiff has proved by a preponderance of the evidence each of the following propositions:

"1. That the plaintiff sustained injuries as charged in the declaration;

"2. That the alleged injuries of which plaintiff now complains were not brought about or contributed to by any failure on her part to exercise ordinary care for her own safety at and just before the time of the accident in question;

"3. That the defendant was guilty of negligence in the manner charged in the declaration;

"4. That such negligence of the defendant was the proximate, direct cause of the plaintiff's alleged injuries in question;

"And if you find, from the evidence, that the plaintiff has failed to prove, by a preponderance of the evidence, these propositions as stated, or that she has failed to so prove any one of them, she cannot recover against the defendant and you should find the defendant not guilty."

"No. 29. You are instructed that you are not at liberty to guess or conjecture about the amount of actual damages, if any, suffered by the plaintiff; you can allow her for no item of actual damages which has not been established by a preponderance of the evi-

dence in the case even though you should find the defendant guilty. If you should find the defendant not guilty, from the evidence and under these instructions, then and in that case you will have no occasion at all to consider the question of damages.''

These instructions would have given the law to the jury as to the burden of proof and the preponderance of the evidence upon the material issues in the case submitted to them. No instruction was given comprehensively stating the necessary elements going to make up the plaintiff's case and the burden of proof thereon. No instruction was given stating that the burden of proof was on the plaintiff to establish the existence of the injuries claimed by a preponderance of the evidence. Instruction 11, if given as requested, would have told the jury that the plaintiff was required to establish by a preponderance of the evidence that the cause of the alleged injury was the negligence of the defendant. But it did not, as tendered or as modified by the court, state that the general burden of proof was on the plaintiff. These instructions should have been given, and to refuse them was reversible error.

Appellant requested the court to give, but the court refused, the following instruction: .

''No. 24. The court instructs the jury that the burden of proof is not upon the defendant to show that it is not guilty of the negligence charged in the declaration, but the burden is upon the plaintiff to prove that the defendant is guilty, and also to prove that the plaintiff herself was in the exercise of ordinary care for her own safety, and that this rule as to the burden of proof is binding in law and must govern the jury in deciding this case. The jury have no right to disregard said rule or to adopt any other in lieu thereof, but in considering the evidence and coming to. a verdict, the jury should adhere strictly to this rule.''

In Chicago Union Traction Co. v. Mee, 218 Ill. 9, it

was held reversible error to refuse this instruction.

The court refused to give instruction 23 requested by the defendant, which was as follows:

"No. 23.    The jury are further instructed that the number of credible and unimpeached witnesses testifying on the one side or the other of a disputed point is a proper element for the jury to consider in connection with all other facts and circumstances in evidence, in determining where lies the preponderance of the evidence."

No instruction was given which told the jury that the number of witnesses was to be considered in determining where lies the preponderance. In 'Chicago U. T. Co. v. Hampe, 228 Ill. 346, the judgment was reversed in part for the giving of an instruction stating that the preponderance is not alone necessarily determined by the number of witnesses testifying to a particular fact or state of facts, and then enumerating the various matters proper to be considered by the jury in determining on which side the preponderance of the evidence is, but omitting all reference to the number of witnesses testifying. In Elgin, Joliet & E. Ry. Co. v. Lawlor, 229 Ill. 621, the court held that the number of witnesses was one of the things the jury were bound to consider. By instruction 4 given at the request of the plaintiff, the jury were instructed that the weight of the testimony did not necessarily depend on the greater number of witnesses sworn on either side of a question in dispute. This made it all the more necessary and proper for the jury to be advised that the number of credible and unimpeached witnesses testifying on the one side or the other of a disputed point, was a proper element for the jury to consider in connection with all other facts and circumstances in evidence.

We are of the opinion that the first instruction given at the request of plaintiff is too broad, in that it held

the appellant as a carrier of passengers responsible "for the slightest neglect resulting in injury to the passenger, if the passenger is at the time of the injury exercising ordinary care for her safety," regardless of whether the neglect was charged in the declaration or not.  It further says, "this care applies alike to the employment of skillful and prudent operators, and the faithful performance by them of their respective duties."  No averment of the declaration presented any question of negligence as to the employment of skillful and prudent operatives.  "It is elementary that recovery can only be had on the negligence charged in the declaration."  Ratner v. Chicago City Ry. Co., 233 Ill. 169; Elgin, A. & S. T. Co. v. Brown, 129 Ill. App. 62.

For these errors in instructions the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*