## Wabash Railroad Co. v. Minnie Prast, Adm'x, etc.

1. EVIDENCE—*Admissibility of Photographs.*—In an action for damages resulting from the death of a person by negligence, photographs of the crossing where the accident occurred, shown by the photographer who took them and other witnesses to be a correct view of the place at the time, are properly admissible.

2. SAME—*Of the Sobriety of the Deceased.*—In an action by the personal representatives of a party killed at a railroad crossing, it is error to exclude evidence that when the deceased was picked up, his breath smelled of liquor, that he had drank beer shortly before the injury and was drinking between eleven and twelve o'clock of the day on which he was injured.

**Trespass on the Case.**—Death from negligence. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed April 9, 1902.

C. N. TRAVOUS, attorney for appellant; EVANS & McDOWELL, of counsel.

WILSON & KENT and MABIN & CLARK, attorneys for the appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought to recover damages for the death of Christopher Prast, a man fifty-five years of age, who was killed by one of appellant's engines while he was attempting to cross appellant's railroad at a street crossing within the corporate limits of the village of Germantown, Illinois. There was a trial by jury, resulting in a verdict and judgment against appellant for two thousand dollars.

The declaration contains three counts. The first count charges the appellant with negligently running its train without watching and looking so as to avoid injuring deceased. The second count charges the running of a train in excess of the speed limit fixed by the village ordinance of Germantown, thereby injuring deceased. The third count charges that at the time of the injury it was a dark night and that appellant negligently ran its train without

having a good and sufficient headlight burning on the end of the engine first approaching the crossing where deceased was injured.

The evidence shows that while the deceased was returning to his home, about six o'clock in the evening, on the 17th of November, 1900, riding in a buggy drawn by one horse, and while he was attempting to cross appellant's railroad from the south, he was struck by an engine, upon a street crossing, with such violence that his horse was killed, his buggy was demolished, and he was so injured that he soon after died. The evening was dark and it was drizzling rain. The street on which the deceased was driving is fifty-two feet wide and runs north and south. The appellant's right of way at that point is eighty-five feet wide and runs from the northeast to the southwest. The engine which struck the deceased was coming from the northeast. It was running at a speed variously estimated at from fifteen to twenty-five miles per hour. There is a dispute as to whether there was a headlight on the engine. A preponderance of the evidence shows that there was a headlight and that it was burning.

The chief contention of appellant upon the trial was that the deceased was not at the time of the injury in the exercise of ordinary care for his own safety. We regard it as the controlling question in the case. The evidence shows that when the deceased was picked up his breath smelled of liquor, and that he had drank beer shortly before being injured. It was important that the jury should have received the fullest information and light as to the situation, to enable them to determine truly the question of care on the part of the deceased. Upon the trial, appellant offered in evidence photographs of the crossing, which were shown by the photographer who took them, and several other witnesses, to be a correct view of the place as it was at the time of the accident. These photographs were especially important in view of the statements of some of the witnesses regarding the presence of several trees south of the railroad, which it was thought might offer some obstruction

to the view of one approaching the crossing from the south. The photographs were excluded. It was error to exclude them. L. E. & W. Ry. Co. v. Wilson, 189 Ill. 89.

Testimony was offered showing that the deceased was drinking between eleven and twelve o'clock of the day on which he was injured, but it was excluded by the court. In view of the fact that the evidence showed that he drank afterward, that for a considerable length of time in the afternoon his horse remained standing in front of a saloon, and that the smell of liquor was detected upon his breath when he was hurt, the testimony should have been admitted. If he began drinking in the morning and continued through the day, the testimony was proper as tending to show that his faculties of sight and hearing were, at the time of the injury, less acute than those of a sober and ordinarily prudent man.

We see nothing seriously wrong with the instructions. For the errors of the court in ruling upon the evidence as indicated above, the judgment will be reversed and the cause remanded.