## The Elgin, Aurora & Southern Traction Company v. James H. Brown.

### Gen. No. 4,644.

1. TRACTION COMPANY—*when failure to ring gong does not establish liability against.* The failure of a motorman to ring a gong does not confer a cause of action upon one injured when such party saw the car approaching a sufficient length of time to enable him to avoid injury.

Elgin, A. & S. Traction Co. v. Brown.

2. ORDINARY CARE—*what evidence competent upon question of.* Upon the question of ordinary care it is competent to show that the plaintiff at the time of his injury was under the influence of liquor.

3. CROSS-EXAMINATION—*what not proper upon.* Matters not touched upon on the direct examination are not competent upon cross.

4. NEGLIGENCE—*when evidence of incompetency of servants inadmissible.* Evidence that the servants of the defendant company were incompetent is inadmissible where there is no count charging liability for such reason.

5. LOOK AND LISTEN—*when instruction as to, erroneous.* An instruction is erroneous which tells the jury that the plaintiff "was not necessarily bound to stop and look and listen before attempting to cross the street car tracks," where the evidence showed that the plaintiff did see the car approaching before the accident took place.

6. INSTRUCTIONS—*must not be argumentative.* Instructions are improper which are argumentative in form.

Action in case for personal injuries. Appeal from the City Court of Aurora; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

HOPKINS, PEFFERS & HOPKINS and JOHN A. RUSSELL, for appellant.

GEMMILL & FOELL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in case brought by appellee against appellant to recover damages for personal injuries. The case was submitted to a jury upon the evidence, on the first and second counts. The first count alleges among other averments, that the defendant was operating a line of cars over State street and Third avenue, public streets in the city of Geneva, upon tracks laid near the center of said streets, and that on June 6, 1905, while plaintiff was walking east on the south side of State street at the intersection of Third ave-

nue, defendant negligently ran a car propelled by electricity at an unsafe and dangerous rate of speed, without having due and proper control over said car, by reason whereof plaintiff was permanently injured.

The second count alleges that plaintiff was injured because of the negligence of the defendant in not giving proper warnings and signals.

The defendant filed the general issue. The case was dismissed as to three other counts at the close of plaintiff's evidence. The verdict was in favor of plaintiff, upon which the court, after overruling a motion for a new trial, rendered judgment, and defendant appeals to this court.

The evidence shows that Third avenue in the city of Geneva is sixty-six feet wide, and runs north from the Northwestern depot; State street is one hundred feet wide and runs east and west, intersecting Third avenue about four blocks north of said depot. The track of appellant runs north on Third avenue, and turns west on State street. The center of the west half of the block at the southwest corner of State street and Third avenue is occupied by a school house, with a woven wire fence about the school lot. The northeast portion of the lot is unobstructed, except by trees, and the view of cars coming east on State street is unobstructed to a person approaching State street on Third avenue from the south. The appellee is a man of thirty-five years of age; is a chicken picker, and when that business is slack, travels from town to town, putting gold letter signs on windows. He testified that on the morning of the injury he came to Geneva from Aurora on one of appellant's cars about eight o'clock; that he alighted from appellant's car near the Northwestern depot and going to said depot, bought a ticket to Rock Falls, and having to wait a couple of hours for a train, walked towards the center of the city along the west side of Third avenue, carrying his sample case, looking for work. He says that after he got near State

Elgin, A. & S. Traction Co. v. Brown.

street he saw a car coming east on State street near the middle of the block; that after seeing the car approaching on State street, he turned east across Third avenue and saw the track on Third avenue. The proof is that appellant's track does not cross Third avenue, but turns onto Third avenue with a long sweeping curve. Appellee having seen the car approaching, there could not be any recovery because of a failure of appellant to ring the gong if the proof sustained that contention. C., R. I. & P. R. R. Co. v. Bell, Admr., 70 Ill. 103; West Chicago St. Ry. Co. v. Tuerk, 193 Ill. 390; P., C., C. & St. L. Ry. Co. v. Piper, 100 Ill. App. 356. The court should have instructed a verdict for the defendant as to the second count.

An objection to the cross-examination of the motorman as to what an extra motorman was, should have been sustained; it was not cross-examination, and there was no count in the declaration under which such evidence was material or competent, had it been offered in chief. The impression was sought to be left upon the jury by the examination that the servants of appellant were unskillful, and this would only be admissible under proper pleadings. Ebsery v. Chicago City Railway Co., 164 Ill. 518; C., B. & Q. R. R. Co. v. MaGee, 60 Ill. 529.

The appellant was entitled to show by competent evidence any statements of appellee as to anything that might affect his mental condition at the time of the accident, but the court refused such testimony. If appellee had been drinking and was in any degree under the influence of intoxication, then such fact was proper to be considered by the jury in passing upon the question of care and prudence of appellee at the time he received his injury. South Chicago Railway Co. v. Dufresne, 200 Ill. 456; Wabash Ry. Co. v. Prast, Admrx., 101 Ill. App. 167.

The second instruction tells the jury that "plaintiff was not necessarily bound to stop and look and listen

before attempting to cross the street car track." The plaintiff having seen the car approaching, it may have been a want of ordinary care for him not to look and listen. This instruction in effect told the jury it was not a want of ordinary care for plaintiff not to look out for a street car which he saw and knew was approaching in his immediate vicinity. The jury should pass on the question of whether the failure of plaintiff to look or listen under all the circumstances was a want of ordinary care, without having it impressed on them by an instruction from the court that it was not necessarily negligence to fail to stop and look and listen, without any mention of the fact that plaintiff saw he was approaching a street car track, and before he reached the street corner says he had seen the car approaching half a block away. Such an instruction was very liable to be taken by the jury as an expression of the opinion of the court upon the fact of the care of appellee. It may have been negligence and a want of ordinary care not to look and listen, when he knew a car was coming in his immediate vicinity. The court should not give any intimation of his opinion of any part of the evidence. It was particularly harmful when it singled out the defense of appellant and said to the jury that what appellee said he did was not necessarily a want of care.

Instruction number four given for appellee, while stating correct propositions of law, is argumentative and liable to mislead a jury. It is true that the rights of all persons and companies to use the public streets, at street intersections, are equal, and it was equally the duty of plaintiff to avoid being struck, and of defendant to avoid colliding with him. In the exercise of ordinary care it was in the power of appellee to move back and forth, or sideways, and stop in a short distance, while the car was fixed in its course and confined to the track, and for the convenience of the multitude it moved at a greater rate of speed, and the

motorman, if giving proper signals, and the car mov-
ing at the ordinary rate of speed of electric cars under
similar circumstances, had the right to presume foot
passengers would use ordinary care for their own
safety, and permit the car to pass first, unless there
was something unusual in the conduct of the pedestrian
which would advise the motorman to the contrary.
This instruction was argumentative and liable to mis-
lead, and should not have been given. For the errors
indicated the judgment is reversed and the cause re-
manded.

*Reversed and remanded.*