**Ellen Kilcummings, Administratrix, Appellee, v.
Springfield Consolidated Railway
Company, Appellant.**

NEGLIGENCE—*when failure to ring bell or sound whistle does not
constitute.* If a train is approaching a crossing a failure to sound
a gong or give other warning of approach is not negligence which
will sustain a recovery if the sounding of such gong or the giving
of such warning would have afforded no more information to the
person injured than he already possessed, there being no complaint
of the violation of any statute or ordinance requiring the giving of
any warning.

Action in case for death caused by alleged wrongful act. Ap-
peal from the Circuit Court of Sangamon county; the Hon. JAMES
A. CREIGHTON, Judge, presiding. Heard in this court at the May
term, 1910. Reversed. Opinion filed October 18, 1910.

WILSON, WARREN & CHILD, for appellant.

SMITH & FRIEDMEYER and C. F. MORTIMER, for appel-
lee.

MR. JUSTICE PHILBRICK delivered the opinion of the
court.

Action brought by appellee against appellant for the
death of appellee's intestate by reason of being hit by a
car at or near the intersection of Seventh and Wash-
ington streets in the city of Springfield, as the result
of which injury plaintiff's intestate died. The judg-
ment below was for appellee for $4,750; to reverse that
judgment this appeal is prosecuted.

The grounds urged by appellant for reversal are,
that the record does not sustain the charge of negli-
gence in the declaration, and that appellee's intestate
was not in the exercise of due care for his own safety.

·The record in this case discloses that on the night of
the twenty-eighth day of March, 1909, the plaintiff's
intestate, who was a miner and fifty-three years of age
at the time of the injury, at about 11:30 P. M. started
from the business district of the city of Springfield to

his home. He went to the corner of Washington and Seventh streets where he expected to board a car of appellant. While at this corner he stopped for some minutes to converse with a friend, Burnstein, who kept an eating stand erected upon the sidewalk along the side of the building on the northeast corner of Seventh and Washington streets. While standing conversing with Burnstein and waiting for his car, he saw a car approaching upon the east-bound track, being the south track upon Seventh street; this was the car deceased intended to take; as the car approached, he bade his friend, Burnstein, good night and started across the street to the point where this car usually stopped for passengers, being at the south side of Washington and the east side of Seventh street. As he attempted to cross the street to reach this point a west bound car approached; he waited for the west bound car to pass and immediately after the west bound car had passed, he crossed the west bound track and without undertaking to ascertain or noticing where the east bound car he had seen approaching was at the time, he stepped in front of it and was struck by the fender of that car. The injuries which he received resulted in his death about five hours after the accident.

The declaration filed contains two counts; one charging a failure to give any sound or warning of the approach of the car at this crossing; the other alleging negligence in running the car at an excessive and high rate of speed.

Upon the charge of negligence of a failure to sound a gong or give a warning of the approach of the car at the crossing, there is no complaint of the violation of any statute or ordinance requiring appellant to sound any gong or give any warning at a street crossing, and the general rule of law, which requires or which would require appellant to give notice of warning or signal of the approach of the car, is required only for the purpose of giving notice to pedestrians or

parties lawfully using the street or crossing of the approach of a car or its close proximity and the charge of negligence in this count of the declaration is that appellant failed and refused to give any such notice or warning and that by reason thereof plaintiff's intestate was killed. The facts in this record disclose beyond controversy that the intestate knew this car was approaching this crossing, that he saw it before he started to cross the street, and that it was his intention to cross the street in time to have this car stopped at the intersection of Seventh and Washington streets that he might board it; he, therefore, was aware and knew it was approaching, and conceding that appellant did not sound a gong or give any warning of its approach at that crossing, the rule which might require, under certain conditions, notice of the approach of a car at a crossing has no application to the case at bar; and the sounding of a gong or giving any notice of warning could have given appellee's intestate no more information that he already possessed and under these conditions, conceding appellant failed to give such a notice or warning, it was not the proximate cause of the death of appellee's intestate. West Chicago Street R. R. Co. v. Tuerk, 193 Ill. 385; E. A. & S. Traction Co. v. Brown, 129 Ill. App. 62.

Upon the charge of negligence that the car was running at an excessive and high rate of speed the testimony of appellee's witnesses, of which there are but two who give any testimony concerning the speed of the car, Burnstein is the principal witness, and he places its speed at from fifteen to twenty miles an hour; one other witness, Parrot, tends to corroborate him in this, but he was directly in front of the car a considerable distance from it, and had no relative means of determining its speed. The car was stopped almost immediately after deceased was hit; it did not proceed to exceed fifteen or twenty feet and the preponderence and greater weight of the evidence, not

only by the number of witnesses, but of those who were in position to judge its speed, discloses that there was no excessive or unusual rate of speed in its operation and the charge of negligence in operating the car at an excessive rate of speed is not sustained by the evidence in the record; it being established beyond controversy that appellee's intestate saw his car approaching, and anxious to board it, he left his friend Burnstein, started across the street to reach its usual stopping place that he might board it, and after waiting for the passage of the west bound car on the north track, which was nearer to him, he immediately hurried to get across the track without in any manner undertaking to ascertain the location of the car which he had seen approaching from the west, and without ascertaining or knowing its location he carelessly stepped in front of the car while it was in motion and in doing so he was not in the exercise of ordinary care for his own safety. E. A. & S. T. Co. v. Brown, *supra.*

For the reason herein expressed the reversal of the judgment of the Circuit Court is necessary, and it is reversed, and the clerk will enter in the judgment herein a finding of fact, that appellant was not guilty of the negligence charged in either count of the declaration and that appellee's intestate was not in the exercise of due care and caution for his own safety.

*Reversed.*