MANUEL S. McINTOSH, *Appellee*, v. THE STANDARD OIL COMPANY, *Appellant*.

No. 18,040.

SYLLABUS BY THE COURT.

1. CONTRIBUTORY NEGLIGENCE—*Evidence of Intoxication Competent.* Upon the issue whether at a particular time a person was exercising due care for his own safety, evidence that he was intoxicated is ordinarily admissible, not as constituting or conclusively establishing negligence on his part, but as being a circumstance to be considered in determining the matter.

2. WITNESS—*Refusal to Permit Proper Cross-examination—Motion for New Trial.* The refusal of the trial court to allow the defendant to cross-examine the plaintiff upon an important matter can be urged as a ground for a new trial without a showing as to what answers the plaintiff would have returned if the rejected inquiries had been permitted. The provision of the code (§ 307) that when the ground of a motion for a new trial is error in the exclusion of evidence such evidence shall be produced at the hearing does not apply to that situation.

19—89 KAN.

3. PLEADINGS—*Negligence—Issue of Safe Place to Work Fairly Presented.* The issue of negligence in an employer in failing to exercise due care to provide for his employee a safe place in which to work may be presented by allegations of specific acts or omissions, without in so many words referring to the safety of the working place.

Appeal from Wyandotte district court, division No. 1. Opinion filed April 12, 1913. Reversed.

*Frank Hagerman,* of Kansas City, Mo., *A. L. Berger,* and *E. R. Adams,* both of Kansas City, for the appellant.

*T. P. Anderson,* and *E. K. Robinett,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Manuel S. McIntosh, a teamster in the employ of the Standard Oil Company, was engaged in hauling oil with a wagon drawn by three mules. While he was filling the tank on his wagon from a standpipe in the storage yard, the team ran away. McIntosh was injured. He sued the company, alleging that the runaway was caused by an empty barrel being negligently loosened from a rick and permitted to roll toward and close to the mules. He recovered a judgment from which the defendant appeals.

The answer alleged in general terms that the plaintiff's own carelessness contributed to his injuries, without specifying the acts or omissions relied upon as constituting such contributory negligence. No motion was made to make the allegations in this regard more definite. The defendant offered evidence for the purpose of proving that at the time of the injury the plaintiff was intoxicated. The offer was refused, and complaint is made of that ruling. Upon the issue whether at a particular time a person was exercising due care for his own safety, evidence that he was under the influence of liquor is clearly admissible, not as conclusively es-

tablishing that he was negligent, but as having an obvious bearing upon the matter. (29 Cyc. 534; Note, 19 A. & E. Ann. Cas. 1176.) The plaintiff contends, however, that if the exclusion of this evidence was error it was not prejudicial, because intoxication on his part could not constitute negligence in itself, and there was no evidence that if he was intoxicated his condition in that respect in any way contributed to his injury. In support of this view it is argued that the plaintiff did everything that could have been required of a reasonably prudent man, and therefore his condition as to drunkenness or sobriety was immaterial. This amounts to asserting that there was no evidence whatever that the plaintiff was guilty of contributory negligence in any respect. We think, under all the evidence, it was a fair question for the jury whether the plaintiff's own conduct was such as to preclude a recovery, and the trial court was evidently of that opinion, for the question was submitted for their determination. If it were conceded or conclusively established that the plaintiff did everything for his own protection that a sober man could have done, then doubtless evidence of his drunkenness would not be material. But it was for the jury to decide precisely what took place, and the plaintiff's condition as to sobriety might have a bearing in determining this. And whether, if he was drunk, that fact lessened his effectiveness in preventing or escaping danger was likewise a matter to be passed on by them.

The statute requires that where the ground of a motion for a new trial is error in the exclusion of evidence, such evidence shall be produced at the hearing of the motion. (Civ. Code, § 307.) The abstract does not show that at the hearing of the motion for a new trial in this case any evidence was produced that the plaintiff was in fact intoxicated when he received his injury. This omission prevents a reversal upon the ground of the exclusion of the testimony of the witness

produced by the defendant at the trial, but the question of the materiality of evidence regarding the plaintiff's condition as to sobriety is presented in another aspect. One of the rulings complained of is the refusal of the trial court to allow the plaintiff to be cross-examined upon that subject. We do not think the statute referred to applies to that situation. The defendant could not be bound by the testimony of the plaintiff. It had a right to cross-examine him before the jury with reasonable fullness and freedom, asking any pertinent questions relating to the circumstances of his injury, for the purpose of testing his credibility, as well as of bringing out his version of all the details of the transaction for use in the preparation of the defense. The ruling complained of did not result merely in the exclusion of certain evidence; it in effect denied the right of cross-examination of the adverse party upon a vital matter lying peculiarly within his knowledge, by unduly restricting its scope, and was prejudicial whether or not the plaintiff would have returned such an answer to any particular question as would have been obviously against his interest. The situation in this regard is the same as that presented in *Polley v. Oil Co.*, ante, p. 272. The probability that the ruling affected the result seems sufficient to require a new trial.

The plaintiff was permitted to rely upon evidence that the mules were frightened by the noise made by the rolling of several barrels, instead of by a barrel coming toward and near to them, as alleged in the petition, and an amendment to meet this situation was allowed after the verdict was returned. These rulings are complained of. They seem to have been well within the discretionary power of the court, and as the question can not arise at a new trial it is not now important. Complaint is also made of an instruction that the defendant was bound to exercise ordinary care to provide for the plaintiff a safe place in which to work,

when the petition did not in so many words charge negligence in that regard.  It was a fair question for the jury whether the place where the plaintiff was doing the work assigned him was rendered unsafe for the purpose by allowing the empty barrels to be handled in the manner testified to.  The petition attributed the negligence complained of to the superintendent of the yard.  The instructions spoke of the defendant's failure to exercise proper care "by its foreman, or other person having charge of said barrels."  This is urged as an undue broadening of the issues, but is not subject to that criticism.  The refusal of an instruction asked by the defendant seems to have been justified upon the ground that so far as it was necessary it was covered by the general charge.

Upon the ground indicated the judgment is reversed and a new trial ordered.

JOHNSTON, C. J. (dissenting) :  I do not concur in the interpretation given to section 307 of the civil code. To entitle a party to a new trial of a cause or to a review of a decision excluding evidence or denying a fair opportunity to produce evidence at the trial the evidence sought to be shown must be produced on the motion for a new trial.  This requirement is in plain English and applies to "all cases."  No exception is made where the evidence excluded is sought to be obtained on cross-examination, nor where a party to the case is the witness whose testimony is sought.  The testimony of a party to the case may be obtained and he may be subjected to a cross-examination the same as any other witness, and the testimony proposed to be obtained from him can be shown on the motion for a new trial without difficulty.  There is no exception of that kind in the statute, and, furthermore, I can see no reason why such an exception should be made.  The restriction of the cross-examination of a party or other witness is only a denial of a fair opportunity to produce

evidence, and the code expressly provides that whether it is evidence excluded or the want of a fair opportunity to produce·evidence the proposed evidence must be produced on the hearing of the motion for a new trial. If the evidence sought to be obtained from the party, either by direct or cross-examination, is immaterial a new trial should not be granted, and the theory is that its materiality must be shown on the hearing of the motion for a new trial or the motion should be denied.