JESSE MCGOWAN vs. WILMINGTON AND PHILADELPHIA TRACTION COMPANY.

1. NEGLIGENCE—RES IPSA LOQUITOR.

The fact of an accident by which injuries are sustained does not in itself, if not within the control of defendant, or its servants charged with causing the accident, show that the injuries were caused by negligence.

2. NEGLIGENCE—UNAVOIDABLE ACCIDENTS.

There can be no recovery for a personal injury caused by unavoidable accident.

3. NEGLIGENCE—EVIDENCE—BURDEN OF PROOF—PRESUMPTIONS.

Negligence is not presumed and must be proved, and the burden of proof rests on the party alleging it.

4. STREET RAILROADS—COLLISIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

That a traveler was injured in a collision with a street car does not alone raise presumption of negligence of the street railway company or contributory negligence of the traveler.

5. STREET RAILROADS—COLLISIONS—NEGLIGENCE.

Negligence of a motorman in operating a car colliding with a traveler is the negligence of the street railway company.

6. NEGLIGENCE—WHAT IS "NEGLIGENCE".

Negligence is the failure to observe, for the protection of another, that degree of care, prudence, and vigilance which the circumstances justly demand, whereby such person suffers an injury, and the degree of care required differs in different cases.

7. STREET RAILROADS—COLLISIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Where the negligence of a traveler struck by a car contributed to the accident and was the proximate cause thereof, he could not recover; and if there was mutual negligence, and the negligence of each was operative at the time of the collision, there could be no recovery.

8. STREET RAILROADS—USE OF STREETS—CARE REQUIRED.

A motorman in charge of a street car and a traveler on the street must exercise such reasonable caution as an ordinarily careful and prudent person would exercise under like circumstances to prevent accidents; the motorman being required to exercise such care to avoid inflicting injury on the traveler, and the traveler being required to exercise such care to avoid being injured.

9. STREET RAILROADS—OPERATION OF CARS—CARE REQUIRED.

A motorman in charge of a street car must have it under reasonable control, and must be on the lookout for travelers, so that they, while in the exercise of due care, will not be injured.

10. STREET RAILROADS—INJURIES TO TRAVELERS—LIABILITY.

Where a traveler negligently drove on street car tracks, but the motorman saw, or by the reasonable use of his sight could have seen, the traveler in time to stop the car before striking him, the failure to do so was actionable negligence; but, if the traveler moved from a position of safety to a position of danger on the tracks so suddenly as to make it impossible for the motorman to stop the car before colliding with him, there could be no recovery.

11. STREET RAILROADS—INJURIES TO TRAVELERS—LIABILITY.

Where a motorman, after seeing a traveler on the track, or by the exercise of reasonable care could have seen him in a position of danger, did everything that a reasonably careful and prudent person would do under like circumstances to prevent accidents, there could be no liability for injuries in a collision.

12. STREET RAILROADS—COLLISIONS—CONTRIBUTORY NEGLIGENCE—VOLUNTARY INTOXICATION.

The voluntary intoxication of a person struck by a street car may be considered in determining whether he exercised reasonable care for his safety.

13. EVIDENCE—POSITIVE AND NEGATIVE EVIDENCE—WEIGHT.

Positive or direct testimony is of greater value than negative testimony; but the jury, in weighing all the testimony, must consider negative testimony.

14. TRIAL—WEIGHT OF EVIDENCE—QUESTION FOR JURY.

The jury are the exclusive judges of the weight of the testimony; and where testimony is conflicting, they must reconcile it, if they can, and, if not, they must give credit to those witnesses who appear to be most entitled to credit, considering their opportunities for seeing, observing, and knowing the things testified to, and their apparent fairness and intelligence.

28 Del.]    McGowan vs. W. and P. Traction Co.    283

Statement.

15. Damages—Personal Injuries—Measure of Damages.

The jury, in awarding damages for a personal injury, should award to plaintiff such sum as will reasonably compensate him for his injuries, taking into consideration his pain and suffering in the past, and such as may come to him in the future, his loss of time, expenses for medicines and medical attendance, and for permanent injuries sustained by reason of the accident complained of.

(*December* 11, 1914.)

Judges Boyce and Rice sitting.

*Leonard E. Wales* and *Alfred McDade* (of Chester, Pa.) for plaintiff.

*Andrew C. Gray* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, November Term, 1914.

Action on the Case (No. 22, May Term, 1914) by Jesse McGowan against the Wilmington and Philadelphia Traction Company, to recover damages for personal injuries to plaintiff and for injuries to his horse and wagon alleged to have been occasioned by the negligence of the defendant company.

Plaintiff testified that as he was descending the hill on his way home from Wilmington to Chester, in the nighttime, at Claymont, he saw an automobile approaching in front of him, and he was obliged to turn out upon the tracks of the defendant company. In doing so he looked around and neither saw nor heard a car coming. He said he was driving upon and along the dirt road next to the tracks and not upon the stone road at his right.

The motorman testified that he sounded his gong at the top and on going down the hill; that it was a dark, foggy night and he could only see fifteen or twenty feet ahead of him; that when he saw the team, the buggy was on the tracks with the horse across the tracks apparently eating grass, and the plaintiff was sitting in his buggy apparently asleep. He smelled liquor upon the plaintiff after the accident, and thought he was intoxicated; that he was looking out ahead and did all he could to avoid the accident after seeing the team on the tracks.

The driver of the automobile said he was driving on the stone road as he approached the place of the accident; that he saw the team upon the tracks, and the light on the car near by; that he

hollowed to the motorman and stopped his engine, believing that an accident was likely to occur.

There was some proof of excessive speed of the trolley car about the point of the accident.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Jesse McGowan against the Wilmington and Philadelphia Traction Company, to recover damages for personal injuries to himself and for injuries to his horse and wagon alleged to have been occasioned by the negligence of the defendant company.

The plaintiff alleges that the defendant company was operating one of its cars at or about the time of the accident on its tracks laid on the Philadelphia Turnpike near Claymont, in this county, on the eighth of November, 1913, between eleven and half past eleven in the nighttime. The plaintiff charges that defendant company at the time and place mentioned was running its car at a dangerous rate of speed without warning by bell or whistle; that the car was in charge of an incompetent motorman not in the exercise of due and reasonable care; that shortly before the accident the plaintiff was compelled to drive upon the tracks of the defendant company, being in the exercise of due care and caution to see that no car was coming back of him to avoid a collision with an approaching automobile, and that while driving upon the tracks of the defendant company for a distance of about a hundred feet, a car of the defendant company, without warning came upon him from the rear and collided with his wagon, causing the injuries complained of.

The defendant claims that it was not guilty of any negligence as it approached the wagon upon its tracks, or at the time of the accident; that due and timely warning was given as the car was descending the hill at the point of the accident by ringing its bell; that the motorman was competent and that he exercised due and proper care to avoid the collision, and that the collision was caused by the negligence of the plaintiff in having his open wagon in which he was sitting standing upon the tracks on a dark, foggy night; that the motorman had his car under reasonable

control and did everything he could reasonably do in view of the foggy condition of the weather to prevent the accident as soon as he saw, or by the exercise of reasonable care could have seen, the team upon the tracks.

It is admitted that the defendant was lawfully operating the car in question at the time and place of the accident, and also that the Philadelphia Pike is a public highway in this county.

[1-4]    The fact of an accident by which injuries are sustained, does not, in itself, if not within the control of the defendant, or its servants charged with causing the accident, establish the fact that such injuries were caused by negligence. There can be no recovery for an unavoidable accident or an accident not occasioned by negligence. The action is based upon a charge of negligence of the defendant company. If the damages for the recovery of which this suit was brought were not the result of the negligence of the defendant company, the plaintiff cannot recover. Whether negligence exists in a particular case, and whose, when submitted to a jury, is a question of fact to be determined by the jury from the evidence. Negligence is never presumed. It must be proved; and the burden of proving negligence to the satisfaction of the jury, by a preponderance of the evidence, rests upon the party alleging it. There is no presumption of negligence, either on the part of the plaintiff or on the part of the defendant company, from the mere fact that the injuries complained of resulted from the collision between the car and the team.

[5, 6]    Negligence, if any, on the part of the motorman in charge of the car, in question, would be the negligence of the defendant company. Negligence is defined to be the failure to observe for the protection of the interests of another, that degree of care, prudence and vigilance which the circumstances justly demand, whereby such other person suffers injury.

[7]    Applying these principles of the law as to what constitutes negligence to the facts in this case, you are to determine whether the plaintiff and the defendant were, at or about the time of the accident, in the exercise of due care and caution, such as a reasonably prudent person would have exercised under similar

circumstances, and if either did not exercise such care and caution, you are to determine from the evidence whether the injuries complained of were caused by the negligence of the defendant company, and if so, whether the negligence was the proximate cause of the accident. If the negligence of the plaintiff contributed to the accident and was the proximate cause thereof, he cannot have a recovery. If there was mutual negligence, and the negligence of each was operative at the time of the accident, there can be no recovery, for the law will not attempt to measure the proportion of blame or negligence to be attributed to each party. If the injuries complained of were occasioned by the negligence of the defendant company, and without contributory negligence on the part of the plaintiff entering into and contributing to the injuries complained of, the plaintiff will be entitled to a recovery.

[8] We will not attempt to specify the precise acts of precaution which are necessary to be done or omitted by one in the management of an electric car, or by one in the management of a wagon, on a public highway whereon car tracks are laid. Such acts must depend upon the circumstances of each case, and the degree of care required differs in different cases. The general rule is that the person in the management of the car and the person in the management of the wagon are bound to the reasonable use of their sight and hearing for the prevention of accident, and to the exercise of such reasonable caution as an ordinarily careful and prudent person would exercise under like circumstances. What is due and proper care depends upon the facts of each case. Both the defendant company and the plaintiff were required to use such reasonable care as the circumstances demanded, the one being required to exercise such care in order to avoid inflicting injury, and the other to avoid being injured.

[9] The servants in charge of a car should have it under reasonable control and be on the lookout for travelers upon the highway, that they being in the exercise of due care may not be injured.

[10] If the plaintiff negligently drove upon the tracks and was standing there at the time of the accident, yet if the motorman saw, or by the reasonable use of his sight could have seen,

the plaintiff so standing, in time to stop the car and before the accident, it was his duty to do so, and if he failed to do so the company would be liable. If however, the plaintiff moved from a position of safety, or it may be of danger, because of the approach of an automobile, to a position of danger upon the tracks of the defendant company on which the car was running, so suddenly as to make it impossible for the motorman to stop the car before the collision, the plaintiff cannot have a recovery for the resulting injury to him and his property.

[11]   So if the motorman after he saw, or by the exercise of reasonable care could have seen the plaintiff in a position of danger, did everything that a reasonably careful and prudent man would do under like circumstances to prevent the accident, the defendant would not be liable. If you should find that the motorman in charge of the car did see, or by the exercise of due care could have seen, the plaintiff on the tracks in time to have stopped the car, and thus have prevented the accident, the defendant would be liable.

[12]   The voluntary intoxication of the person injured may be considered by the jury in determining whether such person, at the time of the accident, was taking such care of his safety as will be required by a reasonably prudent man under the circumstances.

To consider this question at all, you should be satisfied from the evidence that at the time of the accident the plaintiff was intoxicated, and that by reason of such intoxication he failed to take such reasonable care of his safety as the circumstances required. *Heinel v. Ry. Co.*, 6 *Penn.* 428, 431, 67 *Atl.* 173.

[13, 14]   It is a rule of law that positive or direct testimony is of greater value than mere negative testimony. But you are to consider such testimony in connection with all the other evidence in the case. You are the exclusive judges of the weight and value of the testimony. Where the testimony is conflicting you should reconcile it if you can, and if you cannot, you should give credit to the testimony of those witnesses who under all the circumstances appear to be most entitled to credit, taking into consideration the opportunities and advantages of each for see-

_____
Verdict.
_____

ing, observing and knowing the things of which they testify, as well as their apparent fairness, intelligence and other elements which may fairly indicate the truthfulness and accuracy of each.

[15]  Your verdict should be for that party in whose favor is the preponderance or greater weight of the testimony. If you should find for the plaintiff, your verdict should be for such a sum as will reasonably compensate him for his personal injuries, taking into consideration his pain and suffering in the past and such as may come to him in the future, if any, his loss of time, his expenses for medicine and medical attendance, and for any permanent injuries, if any, which he may have sustained by reason of the accident, and also such further sum as will compensate him for the loss of his horse and wagon, which is admitted to be worth three hundred dollars.

In conclusion, if you should believe from the evidence that the defendant is not guilty of the act of negligence as charged by the plaintiff in his declaration, your verdict should be for the defendant.

Verdict for defendant.