Argued April 4; reversed April 24, 1934

# LYNN *v.* STINNETTE

(31 P. (2d) 764)

*Robert F. Maguire,* of Portland (Leland B. Shaw and Delmas R. Richmond, both of Portland, on the brief), for appellant.

*Walter C. Winslow,* of Salem, and *Charles Gregory,* of Dallas, for respondent.

BAILEY, J. On November 16, 1932, at Dallas, Oregon, plaintiff's decedent, James N. Lynn, at approximately 10:15 p. m. while walking in Clay street between two street intersections and pushing his bicycle, was struck by an automobile driven by the defendant, Ettrick Stinnette, and died immediately from injuries thereby received.

This action was instituted by the administrator of his estate, who was succeeded by Catherine Lynn, as administratrix *de bonis non.* Prior to the trial of the case Sally Stinnette was appointed guardian *ad litem* of the defendant, a minor.

A verdict was rendered and judgment thereon entered in favor of the defendant. Later, upon the motion of the plaintiff, the court set aside the judgment and ordered a new trial, from which order the defendant has appealed.

The judgment in favor of the defendant was entered on May 4, 1933. On May 12 plaintiff filed a motion for a new trial, on the ground, generally, of "errors occurring during the trial of the case and duly excepted to" by plaintiff. Later, an amended motion was filed, setting forth the specific grounds for a new trial as follows:

"(a) The court erred in admitting evidence of decedent's drinking just prior to the happening of the accident.

"(b) The court erred in admitting in evidence testimony regarding decedent's playing dice and talking loudly at a house some little time prior to the accident.

"(c) The court erred in refusing to grant plaintiff's motion for a mis-trial."

Thereafter, on June 28, the judge who had heard the case addressed and mailed from McMinnville, Oregon, a letter to the attorneys for the respective parties, in which he stated that the real question raised by the motion for a new trial was whether "the matter of intoxication should be pleaded or intoxication could be admitted in evidence under the general allegation that the decedent failed to keep a proper lookout". The letter ended by saying: "I think the court committed prejudicial error in permitting any testimony to be offered on this particular matter and therefore will grant the motion for the new trial." Later the court entered an order setting aside the judgment in favor of the defendant and granting plaintiff's motion for a new trial.

During the trial the defendant introduced evidence tending to show that plaintiff's decedent had been, during his lifetime, given to drinking intoxicating liquor periodically. There was also testimony to the

effect that about 8:45 o'clock in the evening of the accident plaintiff's decedent visited the house of a Mrs. Campbell, facing Clay street and close to the scene of the accident, where he drank at least two glasses of "home brew" beer. The evidence shows that while there he talked in a loud voice and "shot a little dice".

██ The plaintiff virtually concedes that the evidence on behalf of the defendant tending to show that plaintiff's decedent was a periodical drinker of intoxicating liquor was admissible and should have been considered by the jury in determining the amount of damages, if any, to be awarded to plaintiff; and such, unquestionably, is the law. On the admissibility of such evidence, see: *Wright v. City of Crawfordsville*, 142 Ind. 636 (42 N. E. 227); *Nashville & Chattanooga Railway Co. v. Prince*, 49 Tenn. 580. The plaintiff, however, contends that evidence concerning the drinking of liquor by plaintiff's decedent immediately prior to the accident was not admissible for the purpose of determining the amount of damages to which plaintiff is entitled, or was it admissible to prove that the decedent was guilty of contributory negligience, for the reason that such drinking was not specifically alleged as an act of negligence.

The answer alleges that the decedent was "careless and negligent in the following particulars, to-wit: * * * (2) In failing to keep a proper or any lookout for nearby automobiles approaching from the east, and particularly the automobile being then and there driven by the defendant. * * * (7) In failing to exercise reasonable or ordinary care for his own safety or to avoid injury to himself from automobiles moving upon said street, and particularly said car which was

driven by the defendant." The question, therefore, is whether or not the quoted allegations are sufficient to permit the introduction of such testimony.

Section 1-610, Oregon Code 1930, provides that the answer of the defendant shall contain a general or specific denial of each material allegation of the complaint controverted by the defendant, and a statement of any new matter constituting a defense, in ordinary and concise language.

The circuit court of appeals for the ninth circuit, in considering the case of *Northern Pacific R. Co. v. Craft*, 69 Fed. 124, a personal injury action appealed from this state, had before it the question of the admissibility of evidence relating to the intoxication of an engineer when the complaint had not set forth such intoxication as a specific act of negligence. The opinion there states:

"Error is assigned to the action of the trial court in admitting evidence tending to show that Stapleton, who was in charge of the engine at the time of the accident, was intoxicated, or under the influence of liquor. It is contended that the complaint contained no allegation of such intoxication, and did not allege the same as a specific act of negligence, and that there was consequently no ground upon which such evidence was admissible. * * * The fact, if proven, that the defendant's servant whose negligence may have caused the injury was intoxicated at the time of the accident was not in itself an act of negligence, but it was a circumstance to be considered with the other evidence tending to prove the charge laid in the complaint. The negligence, if any there was, upon the part of the defendant's servants, consisted in their failure to take proper precautions while driving the engine through the yard, not in the fact that Stapleton or any one else was intoxicated. But evidence of such intoxication might properly be considered in connection with

the other proof which was adduced showing Stapleton's actions and conduct at the time the accident occurred.''

In *Milhouse v. Stroud,* 134 S. C. 17 (131 S. E. 619), the plaintiff's decedent was struck and killed by an automobile. The complaint there alleged the following acts of negligence on the part of the defendant:

''(a) In driving and operating his automobile at a high, excessive and dangerous rate of speed, and a speed in violation of that allowed by law.

''(b) In failing and omitting to keep a sharp lookout as to where he was going.

''(c) In failing and omitting to have his automobile under such control so as to have avoided running into and upon the plaintiff.

''(d) In failing and omitting to sound a horn or give any notice of his approach.''

The same question was there presented that we have here, to-wit: That there was no specific charge of intoxication in the pleadings as one of the acts constituting negligence. In disposing of the question thus raised, adversely to the defendant, the supreme court of South Carolina observed:

''In Sharpton v. Railway, 51 S. E. 556, 72 S. C. 172, the court said: 'But, even if contributory negligence had not been set up as a defense, evidence of intoxication would have been admissible. * * * One laboring under intoxication is not likely to exercise the same degree of care as an ordinary person, and, therefore, the fact of intoxication should be considered by the jury in determining the question of the plaintiff's negligence. 40 L. R. A. 143, note.'

''In the case of Shelton v. Railway, 67 S. E. 901, 86 S. C. 102, this court said: 'Testimony that some of the train crew were under the influence of liquor was competent and relevant as tending to support the alle-

gations of negligence and recklessness, without any allegation to that effect in the complaint. The pleadings should not be encumbered with matter which is purely evidentiary.'

"These rulings are in accord with common sense and justice."

The supreme court of Kansas, in *McIntosh v. Standard Oil Co.*, 89 Kans. 289 (131 P. 151, 47 L. R. A. (N. S.) 730, Ann. Cas. 1914D, 112), in referring to the same question that is here involved, said:

"The answer alleged in general terms that the plaintiff's own carelessness contributed to his injuries, without specifying the acts or omissions relied upon as constituting such contributory negligence. No motion was made to make the allegations in this regard more definite. The defendant offered evidence for the purpose of proving that at the time of the injury the plaintiff was intoxicated. The offer was refused, and complaint is made of that ruling. Upon the issue whether, at a particular time, a person was exercising due care for his own safety, evidence that he was under the influence of liquor is clearly admissible, not as conclusively establishing that he was negligent, but as having an obvious bearing upon the matter. 29 Cyc. 534; note in 19 Ann. Cas. 1176."

The decision in the last preceding case was later approved in *Rhoades v. Atchison, T. & S. F. Ry. Co.*, 121 Kans. 324 (246 P. 994). The answer there was: (1) a general denial; (2) that the death of plaintiff's husband was caused by his own negligence and not by any negligence on the part of the defendant; and (3) that the decedent was engaged in a joint enterprise. The evidence offered on behalf of the defendant relating to the decedent's state of intoxication was rejected by the trial court on the ground that the defendant's answer "contained no specific allegation of

the deceased's intoxication". Judgment in favor of the plaintiff was reversed on appeal on the ground that such evidence was admissible under the allegations of the answer. After citing with approval and quoting from the opinion in *McIntosh v. Standard Oil Co.,* supra, the court said:

"It has been held in an action against one for operating an automobile at a dangerous rate of speed that evidence of intoxication is admissible, though not specifically pleaded. Milhouse v. Stroud (S. C.), 131 S. E. 619. The defendant's answer in the instant case alleged contributory negligence by the deceased and deceased and Bird were engaged in a joint enterprise. Intoxication in any degree is a circumstance to be considered in determining the question of contributory negligence. Hughes v. Chicago, R. I. & P. Ry. Co., 150 Iowa 232, 129 N. W. 956. Evidence of the intoxication of the deceased at the time of the injury complained of was admissible. 29 Cyc. 534, 620."

The mere fact that one was intoxicated or under the influence of liquor at the time of being injured does not of itself constitute contributory negligence. It is a circumstance which may be considered by the jury in determining whether or not such intoxication contributed to the injury: *Winfrey v. Missouri, K. & T. Ry. Co.,* 194 Fed. 808; *Williams v. Edmunds,* 75 Mich. 92 (42 N. W. 534; *Wynn v. Allard,* 5 Watts & S. (Pa.) 524; *Wabash R. R. Co. v. Prast,* 101 Ill. App. 167; 45 C. J. 997, § 551; 20 R. C. L. 129, § 107; and authorities cited in the footnotes in the annotations to *McIntosh v. Standard Oil Co.,* supra.

The condition which the decedent was in, from drinking "home brew" beer shortly before the fatal accident, might have a bearing on the question of whether he failed "to keep a proper or any lookout for" approaching automobiles or failed "to exercise

reasonable or ordinary care for his own safety or to avoid injury to himself from automobiles'' using the street. It was a circumstance which the jury could and should consider in determining whether or not he was guilty of contributory negligence.

In *Parker v. Smith Lumber Co.*, 70 Or. 41 (138 P. 1061), this court quoted with approval from 2 Wood, Railroads, p. 1457, as follows:

''The fact that the person injured was at the time intoxicated does not necessarily constitute contributory negligence on his part, though this fact is to be considered with others in determining whether or not he exercised ordinary care to protect himself.''

So, in this case, the evidence objected to was properly admitted under the pleadings and should have been considered by the jury in determining whether or not the decedent exercised ordinary care to protect himself. The answer pleaded contributory negligence as a defense, ''in ordinary and concise language''. Moreover, there was no motion by plaintiff to make defendant's specifications of negligence more definite and certain, nor was there any request for a continuance on the ground of surprise.

No authority has been cited us, and our research has not revealed any, directly holding that intoxication must be specifically alleged as an act of negligence before evidence of that fact may be introduced. When the defendant alleged that the decedent failed to ''keep a proper or any lookout'' for approaching automobiles, and failed to ''exercise reasonable or ordinary care for his own safety'', it was not necessary to allege further the probative facts relied upon to show such negligence or want of care.

The defendant does not contend that the decedent was, by being on a public thoroughfare in an intoxicated condition, guilty of negligence *per se*. In that respect this case differs from instances in which the driver of an automobile involved in an accident was, at the time, intoxicated, and the one injured contends that such driver was, as a matter of law, guilty of negligence *per se* by reason of the fact that, by statute, the driving of an automobile by any person while under the influence of liquor is prohibited.

The only ground on which the circuit court, according to its opinion, granted a new trial, was the alleged error in the admission of testimony relative to the drinking of beer by the decedent immediately prior to the accident. It is, however, contended by the respondent that this court is not limited, in upholding the order for a new trial, to the reasons assigned by the trial court, and that if the record discloses any other tenable ground for a new trial, the order granting it should not be disturbed.

Evidence that the decedent, while at Mrs. Campbell's house, talked in a loud voice, was relevant as tending to show what, if any, effect the beer had on him. It is common knowledge that intoxicating liquor has varying effects on different individuals. Some it impels to boisterousness and loud talking; others, to quarrelsomeness and sullenness. Although the testimony showed that plaintiff's decedent was talking in a loud voice while at the Campbell house, there was further evidence to the effect that such loud talking was customary with him, and the jury was in nowise prejudiced by testimony concerning his loud talking on that particular occasion. Nor do we believe that any prejudicial error was committed in permitting

mention of the fact that decedent had "shot a little dice" during the time that he was in the Campbell house.

During the trial the plaintiff moved for a "mis-trial upon the ground and for the reason that the defendant insists on throwing prejudice into the case, first by calling the witness Erickson, and after attempting to get something from him, attempting to impeach him, and now we have this attempt to go into the reputation of this house, and it was highly prejudicial, and I move the court for a mis-trial and that the jury be discharged". This motion was denied by the court and the respondent now contends that the denial was such error as to sustain the court's order granting a new trial.

The above motion was prompted by the following proceedings: One of the defendant's witnesses, Erickson, on direct examination failed to give the answer which had been expected of him, and in order to show that he had made, at other times, statements inconsistent with the testimony then given, another witness was called, who testified concerning the contrary statements made to him by Erickson. The plaintiff contended at the trial that the court erred in admitting this testimony. The court, however, correctly held that by § 9-1909, Oregon Code 1930, such procedure was authorized and that no error had been committed in that respect.

On direct examination one of defendant's witnesses was asked the following question: "Do you know the reputation of the Campbell house, as to whether or not it is a law-abiding place?" An objection was interposed by counsel for plaintiff and sustained by the court. Whereupon counsel for the defendant, out of

the presence of the jury, offered to prove by the witness that the latter knew the general reputation of the Campbell house and that the common reputation of the place was that it was "a booze joint", also that the proprietor thereof was "engaged in the selling of intoxicating liquors and the serving of intoxicating liquors on the premises". To this offer of proof the trial court sustained an objection.

Whether or not such testimony was relevant is not before us at this time for determination. It is, however, apparent from the record that the question by which such evidence was sought to be adduced was asked in good faith by counsel for the defendant and for the purpose of bringing before the jury facts which he believed germane to the issues in the case. There was no apparent misconduct on the part of counsel for defendant and no studied effort on his part to prejudice the jury against plaintiff's case. Nor did the circuit judge, either at the time of the trial or later in deciding the motion for a new trial, conclude that any prejudicial error had been committed in this regard.

■■ While great latitude should be permitted the trial court in granting a new trial when the record discloses sufficient ground therefor, and such procedure is in furtherance of justice, we do not feel justified, when the order setting aside the judgment is based on an erroneous conception of the law, as in this case, in sustaining such order on other grounds which would not warrant a reversal if assigned as error on appeal from the original judgment. Especially is this true in a case in which the litigant thus granted a new trial has already had a fair and impartial hearing and the verdict is amply supported by the evidence, as in the action here under review.

The other assignments of error by the appellant need not here be considered, in view of the disposition of the case on this appeal.

It follows, from what has been said, that the order appealed from must be reversed and the cause remanded with instructions to set aside the order granting a new trial and to reinstate the judgment for the defendant.

RAND, C. J., and BEAN and CAMPBELL, JJ., concur.